ABRAHAM GREENBERG, PLAINTIFF-RESPONDENT, v. JEN-
NIE E. FEATHER, EXECUTRIX OF THE ESTATE OF
FREDERICK S. FEATHER, DECEASED, DEFENDANT-
APPELLANT.

Submitted January 16, 1940—Decided April 9, 1940.

Before Justices Trenchard, Case and Heher.

For the plaintiff-respondent, *Nathan Blank.*

For the defendant-appellant, *William R. Smith.*

The opinion of the court was delivered by

Case, J. Defendant below appeals from a judgment of $424.08 rendered against her and in favor of plaintiff below by the judge of the Camden City District Court sitting without a jury. The state of case includes the transcript of the testimony taken stenographically at the trial which is certified to us by the trial judge as containing the record of the proceedings and testimony before him. Judgment was rendered October 17th, 1939. Notice and appeal bond were filed November 4th, 1939, in accordance with an order extending time for filing. The suit is for professional services rendered by the plaintiff, an attorney-at-law, in proceedings *de lunatico inquirendo* for the purpose of having Samuel Feather declared incompetent and is upon the alleged oral promise of defendant's decedent, one of the children of Samuel Feather, to pay the same.

Appellant filed eight specifications of error but confines herself on the argument to the three grounds hereinafter mentioned.

The first and second grounds are, respectively, that the court below erred in denying a motion for a nonsuit and in denying a motion for judgment in favor of the defendant. It is conceded that the plaintiff performed the services upon which he sued. The controversy arises on the alleged liability of the estate of Frederick S. Feather to pay for those services, and this question turns upon whether there is legal proof of an oral promise to pay. Plaintiff produced as one of his witnesses Gustav Wack, who had served Mr. Samuel Feather as attorney in fact and had exercised management over that gentleman's private business matters. He testified that Frederick S. Feather had said to him with respect to proceedings to have Samuel Feather declared an incompetent that he, Frederick S. Feather, was going to make that proceeding a

personal matter of his own and would defray the expenses out of his funds, that later Frederick S. Feather stated that he had seen Greenberg and had ordered the latter to do what was necessary in that proceeding and that still later Frederick S. Feather said that he had talked the matter over with Greenberg, that the latter could not give a definite idea as to just what the cost would be but that whatever it was Feather would pay the necessary expenses personally if he could keep his father from being brought bodily into court. We consider that those admissions against interest on the part of defendant's decedent, if believed, were sufficient to support a finding for the plaintiff. On appeal from the District Court that tribunal's judgment should be sustained if there is any evidence to support it. Therefore, we find no error in the refusals to nonsuit and to give judgment for defendant.

The remaining point urged by the appellant is that the plaintiff was permitted over the defendant's objection to testify in violation of the provisions of *R. S.* 2:97-2, formerly the fourth section of the Evidence act, chapter 163, *Pamph. L.* 1931. The statute in its present form reads: "When * * * one party sues or is sued in a representative capacity, no other party thereto may testify as to any transaction with or statement by * * * the decedent * * *" with certain exceptions not now applicable. The question put to Mr. Greenberg was: "As a result of the conversation that you had with Mr. Frederick S. Feather at the time you stated he came in what, if anything, did you do?" There was an objection with reasons duly stated, an overruling of the objection and the allowance of an exception. The answer comprehended the services which plaintiff rendered and upon which he now sues. That question and answer put in evidence that the services sued for were rendered upon the causation of the conversation held between the plaintiff and the decedent; in other words, that the conversation contained factors which caused plaintiff to do that for which he now seeks recovery. We are unable to distinguish between the testimony thus given by plaintiff and the testimony which the statute forbade him to give. We should not split hairs to avoid the application of the statute. In our opinion the disputed testimony involved

the statement of a transaction between plaintiff and the decedent, and the question clearly anticipated this result and should have been overruled.

With the papers are a brief on behalf of the respondent entitled "Brief on motion to dismiss appeal and on objections to the state of the case" and a brief of the defendant-appellant in response; but we find no motion papers. Upon the record before us we are not disposed to vary our conclusions above stated.

The judgment below will be reversed, with costs, and the record remitted for such disposition as is not inconsistent with this opinion.