(No. 45757.—

TERESA KAY WINNETT, a minor, by SUSIE STINE, her mother and next friend, Appellee, v. BERLIN WINNETT *et al.*—(Helix Corporation, Appellant.)

*Opinion filed March 29, 1974.*

GOLDENHERSH, J., dissenting.

Phillips, Phebus, Tummelson & Bryan, of Urbana, for appellant.

Douglas C. Baldwin and Dale A. Cini of Ryan & Cini, Ltd., of Mattoon, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Four-year-old Teresa Kay Winnett was injured when she placed her hand on a moving conveyor belt or screen on a forage wagon then being operated on her grandfather's farm. An amended two-count complaint on her behalf sought recovery in count I from her grandfather predicated upon his negligence. Count II is a strict-tort-liability action against defendant Helix Corporation, manufacturer of the forage wagon. The defendant corporation filed a motion to dismiss count II for failure to state a cause of action, and the circuit court of Coles County allowed that motion. The count I cause of action was apparently settled, and it was dismissed without prejudice. The Appellate Court for the Fourth District held count II stated a cause of action and reversed its dismissal by the trial court. (9 Ill. App. 3d 644.) We allowed leave to appeal.

Count II of the amended complaint alleged in substance that plaintiff was visiting her grandfather by invitation at his farm home, that he was operating a forage wagon in the barnyard, and that defendant Helix Corporation had manufactured the wagon; that the forage wagon was being used for its intended purpose and the plaintiff was injured while it was being so used. Among other allegations, including the absence of rear-view mirrors and warning signs, it is charged that the conveyor belts on the wagon were exposed with no shield or guard affixed to prevent persons from coming into contact with the belts and the steel end of the wagon, and no bolts, latches or holes were present to allow for the attachment of a shield or guard. These and other conditions were alleged to render the wagon unreasonably dangerous, and it is alleged that they existed at the time the forage wagon left

defendant's control and that plaintiff's injuries resulted from one or more of these conditions. The complaint states the circumstances surrounding the plaintiff's injury as follows:

"8. On July 9, 1963, the Plaintiff was then and there in the barnyard of BERLIN WINNETT where the said forage wagon was being operated, and she viewed the two exposed, slow-moving conveyor belts or screens with numerous holes in same, which holes were of sufficient size to admit the fingers of small children, and on which were located bits and pieces of alfalfa haylage or other vegetation, which bits and pieces moved with the belts or screens under the steel end of the forage wagon, which steel end would shear off any objects in or on the said belts or screens, and to which the Plaintiff was attracted.

9. That at the time of the occurrence in question, the Plaintiff was attracted to the forage wagon and approached same and placed her fingers on or in the said conveyor belts or screens.

10. As a direct and proximate result of one or more or a combination of all of the unreasonably dangerous conditions stated in Paragraph 6 herein, the Plaintiff's fingers were pulled by the slow-moving conveyor belts or screens into and beneath the steel end of the forage wagon."

The arguments of the parties here have focused largely upon whether "use" of this forage wagon by a four-year-old child was "foreseeable" by the manufacturer. Plaintiff urges that foreseeability has no place in strict-tort-liability doctrine but that, in any event, the likelihood of small children being in the vicinity of operating farm equipment is not so unforeseeable as to warrant taking the case from the jury; defendant contends that the product was being "used" by a child for whose use it was not intended and whose use of it was not foreseeable. Consequently, argues defendant, no liability for the injury may be imposed upon the manufacturer.

Our earlier decisions establish the duty of the manufacturer to make a product reasonably fit for its intended

use. (*Suvada v. White Motor Co.*, 32 Ill.2d 612; *Dunham v. Vaughan & Bushnell Mfg. Co.*, 42 Ill.2d 339.) That the scope of a forage wagon's "intended use" does not embrace its use by a four-year-old child seems obvious, as does the conclusion that such child is neither a "user" nor a "consumer" of this product as those terms are spoken of in products-liability law. (See Restatement (Second) of Torts, sec. 402A (1); *Suvada*.) Whether this forage wagon was unreasonably dangerous when operated for its intended purpose by one for whose use it was intended is simply not a relevant consideration unless plaintiff is a person entitled to the protections afforded by the concepts of strict-tort-liability actions against manufacturers.

The large majority of courts which have considered the question of recovery in a strict-tort-liability action by persons other than those for whose use the product was intended have found the terms "bystander" or "innocent bystander" a convenient means of categorizing an additional group of persons for whose injuries courts have allowed recovery. (*Passwaters v. General Motors Corp.* (8th Cir. 1972), 454 F.2d 1270; *Wasik v. Borg* (2d Cir. 1970), 423 F.2d 44; *White v. Jeffrey Galion, Inc.* (E.D. Ill. 1971), 326 F. Supp. 751; *Sills v. Massey-Ferguson, Inc.* (N.D. Ind. 1969), 296 F. Supp. 776; *Giberson v. Ford Motor Co.* (Mo. 1974), 504 S.W.2d 8; *Codling v. Paglia* (1973), 32 N.Y.2d 330, 345 N.Y.S.2d 461, 298 N.E.2d 622; *Howes v. Hansen* (1972), 56 Wis. 2d 247, 201 N.W.2d 825; *Elmore v. American Motors Corp.* (1969), 70 Cal. 2d 578, 451 P.2d 84, 75 Cal. Rptr. 652; *Darryl v. Ford Motor Co.* (Tex. 1969), 440 S.W.2d 630; *Ford Motor Co. v. Cockrell* (Miss. 1968), 211 So. 2d 833; *Piercefield v. Remington Arms Co.* (1965), 375 Mich. 85, 133 N.W.2d 129; *Lamendola v. Mizell* (1971), 115 N.J. Super. 514, 280 A.2d 241; *Caruth v. Mariani* (1970), 11 Ariz. App. 188, 463 P.2d 83; *Mitchell v. Miller* (Super. Ct. 1965), 26 Conn. Supp. 142, 214 A.2d 694; see also Annot. (1970), 33 A.L.R.3d 415.)

We also note that the Supreme Court of California has suggested that bystanders should be entitled to even greater protection than consumers or users where injury to bystanders from the defect is reasonably foreseeable, since bystanders do not have the opportunity, prior to purchase or use, to inspect products for defects as do users and consumers. *Elmore v. American Motors Corp.* (1969), 70 Cal. 2d 578, 586, 451 P.2d 84, 89, 75 Cal. Rptr. 652, 657.

We, however, find this categorization of plaintiffs as users, consumers or innocent bystanders helpful only in a general sense. In the unusual case the application of these labels does not assist resolution of the issues. In our judgment the liability of a manufacturer properly encompasses only those individuals to whom injury from a defective product may reasonably be foreseen and only those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable that it may be used. Any other approach to the problem results in making the manufacturer and those in the chain of product distribution virtual insurers of the product, a position rejected by this court in *Suvada.*

It is apparent from the majority of cases in which recovery was allowed for injuries to persons for whose use the product was not intended that the injuries were reasonably foreseeable, and that such foreseeability was recognized by the courts as a factor in deciding the cases. Thus, it is held that injury to other vehicles, their occupants and pedestrians is the foreseeable result of defective steering mechanisms, transmissions, *etc. Elmore v. American Motors Corp.* (1969), 70 Cal. 2d 578, 451 P.2d 84, 75 Cal. Rptr. 652; *Mitchell v. Miller* (Super. Ct. 1965), 26 Conn. Supp. 142, 214 A.2d 694; see also *Passwaters v. General Motors Corp.* (8th Cir. 1972), 454 F.2d 1270; *Wasik v. Borg* (2d Cir. 1970), 423 F.2d 44; *Lamendola v. Mizell* (1971), 115 N.J. Super. 514, 280

A.2d 241; *Caruth v. Mariani* (1970), 11 Ariz. App. 188, 463 P.2d 83.

Likewise, it is foreseeable that a defective shell will cause a shotgun barrel to explode and injure persons standing nearby, and recovery against the manufacturer of the shell should accordingly be allowed. *Piercefield v. Remington Arms Co.* (1965), 375 Mich. 85, 133 N.W.2d 129.

We recognize that there is judicial opinion rejecting the application of the doctrine of foreseeability to limit recovery by persons who are neither users nor consumers. Notable is the Supreme Court of Wisconsin, which in *Howes v. Hansen* (1972), 56 Wis. 2d 247, 201 N.W.2d 825, relied upon *Greenman v. Yuba Power Products, Inc.* (1963), 59 Cal. 2d 57, 377 P.2d 897, 27 Cal. Rptr. 697, in reaching a conclusion contrary to ours. It is questionable, however, whether the California Supreme Court actually intended to impose liability upon the manufacturer of a defective product for every injury to every "human being." That it did not so intend seems indicated by the court's language in the later opinion in *Elmore v. American Motors Corp.* (1969), 70 Cal. 2d 578, 586, 451 P.2d 84, 89, 75 Cal. Rptr. 652, 657: "If anything, bystanders should be entitled to greater protection than the consumer or user where injury to bystanders from the defect is *reasonably foreseeable.*" (Emphasis added.)

Whether the plaintiff here is an individual who is entitled to the protections afforded by the concepts of strict tort liability depends upon whether it can be fairly said that her conduct in placing, her fingers in the moving screen or belt of the forage wagon was reasonably foreseeable. A foreseeability test, however, is not intended to bring within the scope of the defendant's liability every injury that might possibly occur. "In a sense, in retrospect almost nothing is entirely unforeseeable." (*Mieher v. Brown*, 54 Ill.2d 539, 544.) Foreseeability means that which it is *objectively reasonable* to expect, not merely

what might conceivably occur. *Cf. Williams v. Brown Mfg. Co.,* 45 Ill.2d 418, 425.

Questions of foreseeability, we believe, are ordinarily for a jury to resolve, as is the question whether a product is defective or unreasonably dangerous. (*Dunham v. Vaughan & Bushnell Mfg. Co.,* 42 Ill.2d 339.) But where the facts alleged in a complaint on their face demonstrate that the plaintiff would never be entitled to recover, that complaint is properly dismissed. (See *Miller v. DeWitt,* 37 Ill.2d 273, 287; *Louis v. Barenfanger,* 81 Ill. App. 2d 104, 110.) Such is the case before us. While in retrospect it can be asserted that the manufacturer of the forage wagon should have foreseen that the unfortunate event in this case might conceivably occur, we do not believe its occurrence was objectively reasonable to expect. It cannot, in our judgment, fairly be said that a manufacturer should reasonably foresee that a four-year-old child will be permitted to approach an operating farm forage wagon or that the child will be permitted to place her fingers in or on the holes in its moving screen. We believe the trial court properly dismissed plaintiff's amended complaint.

The judgment of the Appellate Court for the Fourth Judicial District is accordingly reversed and the judgment of the circuit court of Coles County is affirmed.

*Appellate court reversed; circuit court affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The majority correctly notes that every authority which it cites supports a result contrary to that achieved by its opinion and then without the aid of either precedent or reasoning proceeds to hold that the occurrence alleged in plaintiff's second amended complaint was not "objectively reasonable to expect."

In addition to those quoted in the majority opinion, the complaint contains the following allegations:

"6. The said forage wagon as manufactured by the Defendant was unreasonably dangerous as a result of one or more or a combination of all of the following conditions:

(a) Two conveyor belts or screens which moved slowly when the forage wagon was in operation extended beyond the front end of the forage wagon and were there exposed as they turned or revolved around numerous wheels and cogs and passed under the steel end of the forage wagon;

(b) No shield, guard, or other protective device or casing designed to prevent persons from coming in contact with the conveyor belts or screens extending beyond the front end of the forage wagon and passing beneath the steel end of the said forage wagon were attached to or affixed to the said forage wagon;

(c) No mirrors or other devices were affixed or attached to the said forage wagon to permit persons working at the back end or sides of the said forage wagon to view the general area where the exposed conveyor belts or screens were situated at the front end of the said forage wagon and thereby permit such persons to determine if anyone was approaching or in close proximity to the exposed conveyor belts or screens and were endangered therefrom;

(d) The said forage wagon was not equipped with any bolts, hinges, holes, latches, or designed in any other manner to permit any shield, guard, or other protective device or casing to be affixed or attached to the said wagon and thereby cover the exposed conveyor belts or screens extending beyond the front end of the said forage wagon and thereby protect persons from coming in contact with same;

(e) No signs, warnings, or other type notices were affixed to or attached to the said forage wagon warning of the danger presented by the exposed conveyor belts or screens at the front end of the said forage wagon.

7. At some time subsequent to the manufacture of the said forage wagon by the Defendant, the forage wagon left the Defendant's control at which time the conditions above stated in Paragraph 6 then and there existed."

The sole question before us is the sufficiency of the second amended complaint. Clearly it alleged conditions which made the wagon unreasonably dangerous, that these conditions existed when the wagon left defendant's control, and that one or more of these unreasonably dangerous conditions proximately caused plaintiff's injuries. Under *Suvada v. White Motor Co.*, 32 Ill.2d 612, the complaint stated a cause of action.

The majority recognizes that the only foreseeability question presented on this record is whether it is reasonably foreseeable that someone might be injured by reason of coming into contact with the inadequately protected and unreasonably dangerous mechanism. This question is properly one for a jury and should not be decided as a question of law. *Dunham v. Vaughan & Bushnell Mfg. Co.*, 42 Ill.2d 339.

I would affirm the judgment of the appellate court.