E. JUAN RICCO WILLIAMS, Plaintiff-Appellant, *v.* RCA CORPORATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 77-1001

Opinion filed April 7, 1978.

Rotman, Medansky & Elovitz, Ltd., of Chicago (Louis S. Elovitz, of counsel), for appellant.

Howard T. Brinton and Michael L. McCluggage, both of Chicago (Wildman, Harrold, Allen & Dixon, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order granting a motion to dismiss his complaint, and the propriety of that order is the only question presented on review.

The complaint, sounding in strict tort liability, alleges that plaintiff was employed by an investigative service as a security guard. In connection with his duties, his employer provided him with a two-way portable receiver manufactured by RCA Corporation (defendant). He was assigned the duty of watching a certain restaurant and, when a robbery occurred there, pursuant to his employer's instructions he used the receiver to communicate with automobile patrols in the area to converge and assist him in the apprehension of the offender. Unknown to plaintiff at that time, the receiver did not function—so that his request for assistance was not received and, when he attempted to make the arrest by himself, he was wounded by the robber. The complaint also alleges that there were certain defects in the receiver which rendered it unreasonably dangerous; that these defects existed when the receiver left the control of defendant; and that the defective condition of the receiver was the proximate cause of his having been wounded.

Defendant's motion to dismiss asserted that a cause of action was not stated in the complaint, because (1) it had no duty to protect plaintiff from the illegal acts of an armed criminal; (2) the shooting of plaintiff was not foreseeable by defendant; (3) there was no causal connection between the condition of the receiver and injury to plaintiff; and (4) the shooting of plaintiff was an independent intervening cause as a matter of law. After a hearing, the motion to dismiss was granted, and this appeal was brought from that order.

OPINION

■■ The test of the sufficiency of a complaint is whether or not the essential elements of the cause of action are alleged. (*Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650.) In a strict products liability situation, those elements are that a defective product was placed in the stream of commerce; that the condition of the product rendered it unreasonably dangerous; that this condition existed when the product left the control of defendant; and that the condition was a proximate cause of injury. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; Restatement (Second) of Torts §402A (1965).

In the instant case, plaintiff properly alleged the first three of those elements but, as to the fourth, he alleged generally that the defective condition of the receiver was the proximate cause of his having been shot by the robber he was trying to apprehend.

In its motion to dismiss, as in its brief here, defendant asserts that as a matter of law the shooting was an independent, intervening cause which broke any causal connection between the receiver and plaintiff's injury. Plaintiff argues that defendant "should have foreseen that a security guard would be imperiled if it [the receiver] failed to function properly."

■■ On oral argument here, plaintiff agreed that the sole issue on appeal was whether the intervening criminal act was foreseeable. In this regard, it is the rule that where other causes combine to produce injury, the causal connection between the defective product and the injury will be broken only if the acts or omissions of others were improbable or unforeseeable. (*Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 311 N.E.2d 128.) An intervening criminal act does not necessarily break the causal connection if that criminal act is probable and foreseeable. (*Downs v. Camp* (1969), 113 Ill. App. 2d 221, 252 N.E.2d 46; Restatement (Second) of Torts §448 (1965).) Whether an intervening criminal act is foreseeable depends upon the circumstances of the case. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

■■ A foreseeable test, however, is not intended to bring within the scope of defendant's liability every injury that might possibly occur, as "[i]n a sense, in retrospect almost nothing is entirely unforeseeable." (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 544, 301 N.E.2d 307, 309.) Foreseeability means that which is objectively reasonable to expect, not what might conceivably occur. *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 12, 310 N.E.2d 1, 5.

The parties have referred us to no case in the United States where a manufacturer has been held liable for injuries from use of a product where a criminal act has intervened, and we have found only one. In *Klagas v. General Ordinance Equipment Corp.* (1976), 240 Pa. Super. 356, 367 A.2d 304, a plaintiff suffered severe gunshot wounds when a mace weapon manufactured by defendant failed to function during a confrontation between plaintiff and an armed robber. The court held that since the product was an instrument of crime prevention, the manufacturer could foresee the specific injuries accruing to a user if the product failed to function and, under those circumstances, the intervening criminal act was not a superseding cause absolving the manufacturer from liability. We view this case as distinguishable on two grounds—(1) the plaintiff in *Klagas* brought the action under section 402B of the Restatement (strict liability by misrepresentation) and not section 402A; and (2) that the product in *Klagas* was designed to prevent criminal attack, and therefore the manufacturer could reasonably foresee the injury if it did not function. In the instant case, the portable two-way receiver was a product designed for communication purposes, not the prevention of criminal attack, and therefore the purpose and expected

result in the manufacture and use of the respective products are inherently different.

Questions of foreseeability are ordinarily questions for a jury to resolve (*Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401) but, as stated in *Winnett*:

> "[W]here the facts alleged in a complaint on their face demonstrate that the plaintiff would never be entitled to recover, that complaint is properly dismissed. [Citations.] Such is the case before us. While in retrospect it can be asserted that the manufacturer of the forage wagon should have foreseen that the unfortunate event in this case might conceivably occur, we do not believe its occurrence was objectively reasonable to expect. It cannot, in our judgment, fairly be said that a manufacturer should reasonably foresee that a four-year-old child will be permitted to approach an operating farm forage wagon or that the child will be permitted to place her fingers in or on the holes in its moving screen. We believe the trial court properly dismissed plaintiff's amended complaint." 57 Ill. 2d 7, 13, 310 N.E.2d 1, 5.

We believe that this reasoning is applicable in the instant case. While it might be said that the manufacturer of the two-way receiver could have foreseen that the shooting might conceivably occur, we do not believe its occurrence was objectively reasonable to expect, for the following reasons: (1) Under ordinary circumstances, the manufacturer may reasonably assume that no one will violate the criminal law (Restatement (Second) of Torts §302B, comment d, at 89 (1965)); (2) the portable two-way receiver is a product designed for short-range, out-of-presence communication between individuals possessing such units and not the prevention of criminal attack; and (3) it cannot fairly be said, under the circumstances here, that the manufacturer should reasonably foresee that the security guard would approach the armed robber before he became aware of the presence of his support—whether or not he had knowledge of the malfunctioning of the receiver.

■■ For the reasons stated, we conclude that the trial court properly found that the intervening criminal act was unforeseeable as a matter of law, and we affirm this judgment.

Affirmed.

LORENZ and MEJDA, JJ., concur.