GREGORY MOHRDIECK, a Minor, by William A. Mohrdieck, his Father and Next Friend, Plaintiff, *v.* THE VILLAGE OF MORTON GROVE, Defendant and Third-Party Plaintiff-Appellant.—(ELGIN SWEEPER COMPANY *et al.*, Third-Party Defendants-Appellees.)

First District (1st Division)  No. 80-1090

Opinion filed March 30, 1981.

Jerome H. Torshen and Abigail K. Spreyer, both of Jerome H. Torshen, Ltd., and Garretson & Santora, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The Village of Morton Grove, defendant and third-party plaintiff, appeals from the dismissal of its complaint against Elgin Sweeper Company, third-party defendant. On appeal, the Village argues that (1) there was no misuse by the Village which would support the trial court's dismissal of the indemnity action; (2) misuse by a third party did not constitute a defense for Elgin; (3) the action could not be dismissed on the ground that a component part manufactured by another actually inflicted the injury; and (4) a dismissal of the complaint against Elgin would require dismissal of the underlying action against the Village.

We affirm.

Gregory Mohrdieck was injured when struck by part of a metal bristle which allegedly dislodged from the brush of a street sweeper. Gregory and his brother found the bristle in the street in the Village of Morton Grove. His brother threw the bristle into a tree. Part of it broke off and was propelled into Gregory's eye. An action was filed against the Village alleging, *inter alia*, that the Village failed to keep its streets in a safe condition in that it allowed the metal bristles to remain upon the public highways despite actual notice that children were gaining possession of the bristles and endangering their safety and the safety of others.

The Village filed a third-party action for indemnity against Elgin Sweeper Company (Elgin), the manufacturer of the street sweeper purchased by the Village and A. Steiert and Sons, Inc., the manufacturer of the brushes. With respect to Elgin's conduct, the complaint generally alleged that Elgin negligently designed and manufactured the sweeper and that the sweeper and component parts were inherently dangerous. Elgin's motion to dismiss the complaint was granted.

■■ The record on appeal contains no transcript of the arguments on Elgin's motion to dismiss. While the order appealed from does not state the grounds for dismissal, it does state that the court was "advised in the premises." We therefore can presume that the court had sufficient facts before it supporting the order and acted in conformity with the law. (*Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 337 N.E.2d 285.) We find sufficient facts in the pleadings supporting the trial court's action.

This case is factually similar to *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1. In *Winnett*, a four-year-old child was injured when she placed her hand in a moving part of a forage wagon. In affirming the trial court's dismissal of the complaint against the manufacturer of the wagon, the supreme court held that the child's conduct was not reasonably foreseeable. The court also stated that the manufacturer has a duty to make a product safe for its intended use which did not include use by a four-year-old.

In reaching its decision the court enunciated the following limit of liability:

> "In our judgment the liability of a manufacturer properly encompasses only those individuals to whom injury from a defective product may reasonably be foreseen and only those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable that it may be used. Any other approach to the problem results in making the manufacturer and those in the chain of product distribution virtual

insurers of the product, a position rejected by this court in *Suvada*." (57 Ill. 2d 7, 11, 310 N.E.2d 1, 4.)

The court defined foreseeability as "that which it is *objectively reasonable* to expect, not merely what might conceivably occur." (Emphasis in original.) 57 Ill. 2d 7, 12-13, 310 N.E.2d 1, 5.

■■ Normally, it is the function of the jury to resolve questions of foreseeability. (*Winnett*; *Richelman v. Kewanee Machinery & Conveyer Co.* (1978), 59 Ill. App. 3d 578, 375 N.E.2d 885.) But, where the facts alleged indicate that a party would never be entitled to recover, a complaint is properly dismissed. *Winnett*.

Here, the incident did not occur within the intended or reasonably foreseeable use of the street sweeper. Furthermore, the conduct of the children and the occurrence itself was not objectively reasonable to expect. As a matter of law, Elgin cannot be held liable for Gregory Mohrdieck's injuries and the trial court properly dismissed the Village's third-party complaint against Elgin.

■■ The Village further argues the granting of Elgin's motion to dismiss and the denial of the Village's motion to dismiss Mohrdieck's underlying negligence action are inconsistent judgments. However, plaintiff's complaint substantially differs from the Village's third-party complaint. Plaintiff's complaint alleged that the Village had actual notice of the bristles littering the streets and posing a danger to children. With actual notice alleged, the trial court could find that the children's conduct was foreseeable and that a cause of action was stated for the Village's failure to exercise due care to remedy an allegedly dangerous condition and protect the children from possible injury. (See *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) The third-party complaint contains no allegations of notice to Elgin and the injury, therefore, was not foreseeable to Elgin. Hence, the dismissal of the third-party complaint does not require dismissal of the underlying complaint.

Because of our decision, we need not address the other issues raised by the Village.

The judgment of the circuit court of Cook County is accordingly affirmed.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.