JAMES HOLLENBECK, Plaintiff-Appellant, v. SELECTONE CORPORA-
TION, Defendant-Appellee.

Third District   No. 3—84—0311

Opinion filed March 15, 1985.

HEIPLE, P.J., specially concurring.

Joseph A. Mueller, of Ottawa, for appellant.

Robert M. Hansen and Michael T. Reagan, both of Herbolsheimer, Lan-
non, Henson, Duncan & Reagan, P.C., of La Salle, for appellee.

JUSTICE SCOTT delivered the opinion of the court:
The plaintiff, James Hollenbeck, brings the instant interlocutory
appeal from an order dismissing those counts of his complaint which
stated causes of action against the defendant, Selectone Corporation.

The plaintiff was a police officer for the city of Marseilles. As part of his equipment, he was issued a mobile pager manufactured by Selectone. On February 28, 1982, the plaintiff activated the pager in an effort to obtain assistance in effectuating an arrest. The pager unit failed to operate. During the course of the arrest, the plaintiff was assaulted by several individuals and was severely injured.

The plaintiff brought suit against his assailants and the defendant Selectone. The plaintiff asserted three grounds for recovery against Selectone. Count IX of the complaint set forth a cause of action based upon breach of an implied warranty. Count X set forth a claim under the theory of strict liability. The cause of action stated in count XI was based upon negligence. On the defendant's motion, the trial court dismissed counts IX, X and XI. This appeal followed.

The trial court based its dismissal on the holding in *Williams v. RCA Corp.* (1978), 59 Ill. App. 3d 229, 376 N.E.2d 37. The plaintiff in *Williams* was employed as a private security guard. The plaintiff's employer supplied him with a two-way portable receiver manufactured by RCA. A robbery occurred while the plaintiff was on duty. The plaintiff activated the receiver to request assistance. Believing that additional officers would be arriving, Williams attempted to arrest the robber. However, the receiver had malfunctioned. While acting alone in attempting the arrest, Williams was severely injured.

Williams filed suit against RCA under a products liability theory. The trial court dismissed Williams' complaint for failure to state a cause of action. The trial court ruled that the complaint failed to establish the element of proximate cause because the robber's action in wounding Williams was, as a matter of law, an independent intervening cause.

The *Williams* court affirmed the decision of the trial court. The court began its review with the legal principle that an intervening criminal act does not break the causal connection between the product and the injury if that criminal act is probable and foreseeable. The *Williams* court construed probable and foreseeable to mean "objectively reasonable to expect." The injury to Williams was not objectively reasonable to expect, according to the court, because a manufacturer may assume that no one will violate the law; the receiver was not designed to prevent criminal attack; and the manufacturer could not have foreseen that Williams would act before determining whether he had support.

We consider first the dismissal of count I, which alleged strict li-

ability by misrepresentation. The cause of action in *Williams* was based upon strict liability for an unreasonably dangerous product. Williams was therefore required to prove that the defective, dangerous product was the proximate cause of his injury. (Restatement (Second) of Torts sec. 402A (1965).) In the instant case, the plaintiff based the cause of action in count X on strict liability based upon misrepresentation. (Restatement (Second) of Torts sec. 402B (1965).) Thus, the plaintiff was required to allege that his injury was proximately caused by the failure of the pager to conform to the defendant's representations. *Klages v. General Ordinance Equipment Corp.* (1976), 240 Pa. Super. 356, 367 A.2d 304.

■ The issue before this court, then, is whether the plaintiff properly set forth the element of proximate cause so as to defeat a motion to dismiss. Specifically, we must determine whether the intervening criminal acts of the arrestee's family were probable and foreseeable so that the causal connection between the plaintiff's injury and the pager's failure to conform to the defendant's representations remained unbroken.

We find that the intervening criminal acts were not so improbable and unforeseeable as to break the causal connection. As the *Williams* court stated, probable and foreseeable means "objectively reasonable to expect." In the instant case, the plaintiff has alleged that the defendant represented that its product was suitable for use by police agencies and that it marketed its product specifically for use by such agencies. It was, therefore, objectively reasonable to expect that pagers would be used by police officers in emergency situations where communication by pager was necessary. Given the undisputable fact that one of the critical functions of a police officer is to deal with persons violating the law, it was objectively reasonable to expect that the pager would be utilized in a situation involving a criminal offense. In short, we cannot say, as the court in *Williams* did, that the defendant manufacturer could assume that no one will violate the law.

It was also objectively reasonable to expect that the plaintiff, after activating the pager, would proceed to make the arrest. It is a police officer's duty to apprehend and arrest those violating the law. The defendant knew or should have known of this duty when it marketed its product to police departments. Thus, the instant case is distinguishable from *Williams* in that the defendant manufacturer should have foreseen that the plaintiff would act after activating his pager.

We, therefore, find that the intervening criminal acts did not

break the causal connection because the acts were probable and foreseeable. The plaintiff has alleged the requisite element of proximate cause so as to defeat the defendant's motion to dismiss count X.

■ The plaintiff asserts that counts IX and X are based upon strict liability. However, a reading of count IX clearly shows that it states a theory of breach of the implied warranty of merchantability. Because no issue has been raised concerning this theory of liability, we decline to review the merits of the dismissal as to count IX.

■ Similarly, the plaintiff has not argued on appeal that the acts of the defendant which he alleges were negligently performed were the proximate cause of his injury. Because the plaintiff has not raised the merits of the dismissal of count XI, which sounds in simple negligence, we decline to review the merits as to the dismissals of count XI.

Accordingly, the judgment of the circuit court of La Salle County is affirmed as to counts IX and XI and reversed as to count X; the cause is remanded for further proceedings consistent with this decision.

Affirmed in part, reversed in part, and remanded.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, specially concurring:

I agree with the result reached. The attempt to distinguish *Williams v. RCA Corp.* (1978), 59 Ill. App. 3d 229, 376 N.E.2d 37, however, is not convincing. The effect of the instant decision is to overrule *Williams.*

It is significant in this case that the pager was allegedly marketed specifically for use by police agencies. As the majority opinion correctly points out, it is a police officer's duty to apprehend and arrest lawbreakers. The defendant should be charged with the knowledge that the pager would be used by a police officer to summon help in dangerous situations and that the officer's safety would be seriously compromised if the device failed to work. That is the theory. The case should not have been dismissed on the pleadings. The plaintiff was entitled to a trial.