744 P.2d 930

Leonard VAN de VALDE,
Plaintiff-Appellant,

v.

**VOLVO OF AMERICA CORPORATION**
and Santa Fe Mazda–Volvo,
Defendants-Appellees.

No. 8386.

Court of Appeals of New Mexico.

Oct. 8, 1987.

Michael R. Morow, Kegel, Glass, McDevitt & Morow, Santa Fe, for plaintiff-appellant.

Cynthia A. Fry, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellees.

OPINION

BIVINS, Judge.

Plaintiff seeks damages for personal injuries caused when a restraining strap for a spare tire struck him in the eye. He sued Mrs. Rosenwald, the owner of the car on which the strap was being used, Volvo of America Corporation, the manufacturer of the car, and Santa Fe Mazda–Volvo, the dealer that sold the car. From a summary judgment dismissing the action against the manufacturer and dealer, plaintiff appeals. The dispositive issue is whether use of a restraining strap for a spare tire to span the roof luggage rack of a car was reasonably foreseeable so as to render the manufacturer and dealer liable under strict products liability. Under the undisputed facts presented, we hold it was not, and affirm.

The accident occurred on November 5, 1979, while plaintiff was attempting to load wrought-iron curtain rods on the roof luggage rack of Mrs. Rosenwald's 1978 Volvo station wagon. Plaintiff had made the rods, ranging in length from six to thirteen feet, for Mrs. Rosenwald and she went to his place of business to pick them up. Plaintiff had a pickup truck equipped to carry the rods and other wrought-iron items he fabricated, but decided to load the rods onto the station wagon. Plaintiff had rope available in his shop but decided to use the straps instead. Mrs. Rosenwald handed plaintiff two straps she found in a "cubbyhole" located at the rear of the station wagon, one a rubber "bungy" cord with "S" hooks on each end; the other a strap designed to hold the spare tire secure in a tire well. While the record contained no photographs or diagrams, we understand from the descriptions given that the strap is flat with flat metal "V"-shaped hooks on each end and has a buckle for adjusting the length, which is twenty-five inches overall.

Plaintiff tried to hook the strap on the rack on the passenger's side, where he was standing, then removed it and handed the strap to Mrs. Rosenwald to hook onto the driver's side. After Mrs. Rosenwald hooked the strap to the rack, plaintiff

reached across the roof and was in the process of pulling the strap toward his side when it came loose and struck him in the eye. The distance between the two racks is thirty-nine and one-eighth inches.

Plaintiff did not notice if the strap had a label, markings or warnings on it. The Volvo came equipped with the strap in place holding the spare tire. In that position, the metal hooks face opposite directions. On the date of the accident, the hooks were facing the same direction. Mrs. Rosenwald had seen the strap once before holding the spare tire. She did not know how it got in the "cubbyhole." The owner's manual that came with the Volvo contains no information or directions for use of the restraining strap; however, the metal hooks are specifically designed to fit into slots located on either side of the spare tire well. Mrs. Rosenwald had never read the owner's manual and plaintiff did not ask to read it before attempting to use the straps. In fact, plaintiff's answers to interrogatories indicate he was not aware of the strap's use of securing the tire until after the accident.

Plaintiff claims the trial court erred in granting summary judgment since there are genuine issues of material fact. Here, the material facts are not in dispute, only their legal effect. Thus, summary judgment may be properly granted if required by the facts. *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986).

Plaintiff's complaint against Volvo and Santa Fe Mazda–Volvo is based on strict products liability. New Mexico adopted that theory in *Stang v. Hertz Corp.*, 83 N.M. 730, 497 P.2d 732 (1972), as set out in *Restatement (Second) of Torts*, § 402A (1965), which provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The concept of strict products liability does not mean the product must be accident proof, or that the supplier will be responsible for every harm caused thereby. *See Skyhook Corp. v. Jasper*, 90 N.M. 143, 560 P.2d 934 (1977). SCRA 1986, 13–1403 provides:

The supplier has the duty to consider foreseeable risks of injury. This duty is limited to use of the product for a purpose or in a manner which could reasonably be foreseen.

Where an injury is caused by a [risk] [or] [misuse of the product] which was not reasonably foreseeable to the supplier, he is not liable.

■ While foreseeability is ordinarily a fact question, it may be decided as a matter of law where the use to which the product was put was so unintended and unforeseeable that the case should be taken from the jury. *Mata v. Clark Equip. Co.*, 58 Ill. App.3d 418, 15 Ill.Dec. 980, 374 N.E.2d 763 (1978). In *Mata*, plaintiff, a forklift operator with seventeen years of experience, was operating a forklift without the benefit of the overhead protective guard that had been installed by the manufacturer. When a bag of walnuts fell and became wedged between the truck and the wall, plaintiff stood up on the seat, an act he would not have been able to accomplish had the guard been in place. He attempted to remove the bag of walnuts while the truck was still in motion, lost his balance and was injured. The appellate court reversed a judgment against the manufacturer on the basis that the injury was so unintended and unforeseeable that the trial judge should have taken the case from the jury. The *Mata* court said:

Every product need not be accident proof, incapable of causing harm or accompanied by a warning against injury which may ensue from a mishap in its use. (*Jonescue v. Jewel Home Shopping Service* (2nd Dist.1973), 16 Ill.App.3d 339, 345, 306 N.E.2d 312.) The liability of a manufacturer properly encompasses only those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable that it may be used. (*Winnett v. Winnett*, [1974], 57 Ill.2d [7] at 11, 310 N.E.2d 1.) In retrospect, almost nothing is entirely unforeseeable. A test of foreseeability, however, does not bring within the scope of a defendant's liability every injury that might possibly occur. Foreseeability has been defined by our supreme court in *Winnett* as that which is *objectively reasonable* to expect, not merely what might conceivably occur.

*Id.* at 422, 15 Ill.Dec. at 983, 374 N.E.2d at 766 (emphasis in original).

While it is conceivable that plaintiff here might use the tire restraining strap to stretch across a surface wider than the strap itself, would it not be just as conceivable that someone might attempt to use it to lower a thousand-pound motor into a truck? In either case, the strap would not hold the tension and would fail. In his answer to defendants' interrogatory as to the basis for the claim that the stap was "unreasonably dangerous and in a defective condition," plaintiff answered that the "design of the strap would not secure itself to the rail adequately and snapped violently * * *. The strap had no warning to users that it should not be used on the roof rack." The design of the strap probably would not secure itself to a number of other conceivable objects, nor would it likely hold excessive weight or tension, but this does not make the manufacturer strictly liable. The expected use must be objectively reasonable. *Mata v. Clark Equip. Co.*

In *Newman v. Utility Trailer & Equipment Co.*, 278 Or. 395, 564 P.2d 674 (1977) (In Banc), the Oregon Supreme Court distinguished between foreseeability of use and foreseeability of risk of harm. As an

example, the court discussed a hypothetical shovel used to prop open a heavy door. Because of the shovel's design, it fails and the door swings shut and crushes the user's hand. In that case, there is no liability because the shovel was not designed to prop open doors and, thus, it was not reasonably foreseeable by the manufacturer or seller that it would be so used. Although foreseeability of use is ordinarily a jury question, the *Newman* court stated that reasonable minds could not differ in the above example.

On the other hand, the *Newman* court said that a shovel being used to dig could strike a rock, causing a piece of steel to fly up and injure plaintiff's eye. In such a case, the manufacturer or seller is assumed to have had knowledge of the risk occasioned by such use since the shovel was being used for a purpose for which it was manufactured.

■ In the case before us, had plaintiff been injured while unloading the spare tire as a result of the strap becoming loose from its slot, defendants could be held responsible because such use would be objectively foreseeable.

We do not wish to be understood as requiring uses only directly related to the intended use of the product. There are instances where an unrelated use could be reasonably anticipated and, thus, require special safety measures or warnings. We do not believe, however, that a fact question is presented in the case before us, unless we wish to make the manufacturer and dealer insurers of any and all risks attendant to the use of their product. This we will not do.

In addressing the question of foreseeable use, the court in *Barr v. Rivinius, Inc.*, 58 Ill.App.3d 121, 126, 15 Ill.Dec. 591, 595, 373 N.E.2d 1063, 1067 (1978) (quoting *Winnett v. Winnett*, 57 Ill.2d 7, 11, 310 N.E.2d 1, 4 (1974)), said:

"In our judgment the liability of a manufacturer properly encompasses only those individuals to whom injury from a defective product may reasonably be foreseen and only those situations where

the product is being used for the purpose for which it was intended or for which it was reasonably foreseeable it may be used. Any other approach to the problem results in making the manufacturer and those in the chain of product distribution virtual insurers of the product, a position rejected by this court in *Suvada* [*v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182 (1965)]."

Plaintiff's claim of defectiveness involves a faulty design for engaging the luggage rack rail. The strap was specifically designed for slots, not for the rail. If plaintiff is correct, then must the manufacturer also design the hooks to withstand the weight of a truck motor or an object even heavier? We do not believe it does and affirm the summary judgment for defendants.

Having concluded that the trial court correctly determined there was no genuine issue of material fact as to foreseeable risk of harm, we need not reach the issue of warning. The summary judgment is affirmed. Oral argument is unnecessary. *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). Plaintiff shall bear the cost of the appeal.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.