# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Perez v. Sunbelt Rentals, Inc.*, 2012 IL App (2d) 110382

---

| | |
|---|---|
| Appellate Court Caption | GERONIMO PEREZ, Plaintiff and Counterdefendant-Appellant, v. SUNBELT RENTALS, INC., CJ LEBRECK, LLC, and OSHKOSH TRUCK CORPORATION, Defendants (Mikols Construction, Inc., and KBS Electric, Inc., Defendants and Third-Party Plaintiffs and Counterplaintiffs and Counterdefendants; JLG Industries, Inc., Defendant and Third-Party Plaintiff and Counterdefendant-Appellee; Daniel J. Loy, Dan's Painting and Decorating, Inc., and Victor Cardenas, Third-Party Defendants). |
| District & No. | Second District<br>Docket Nos. 2-11-0382, 2-11-0486 cons. |
| Rule 23 Order filed | February 27, 2012 |
| Rule 23 Order withdrawn | April 9, 2012 |
| Opinion filed | April 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when he fell from a scissor lift alleged to be unreasonably dangerous because the guard gate could be removed easily, the trial court erred in entering summary judgment for defendant manufacturer on the ground that the removal of the gate was not reasonably foreseeable and was therefore an intervening cause that protected defendant from liability, since a genuine issue of material fact existed as to whether the removal of the guard gate was reasonably foreseeable, regardless of the fact that tools were required to remove the gate, especially when the removal only required the removal of a single bolt and two pins. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-L-194; the Hon. Patrick J. Leston, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Thomas J. Fedick and Lyndsay A. Markley, both of Harman & Fedick, Ltd., and Michael W. Rathsack, of Law Offices of Michael W. Rathsack, both of Chicago, for appellant. |
| | P. Scott Ritchie, of Clausen Miller, P.C., of Chicago, and Anthony J. Colucci III and Marybeth Priore, both of Colucci & Gallaher, P.C., of Buffalo, New York, for appellee JLG Industries, Inc. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Bowman and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Geronimo Perez, appeals from the trial court's grant of summary judgment in favor of defendant, JLG Industries, Inc. (JLG). On appeal, plaintiff contends that the trial court erred in granting JLG's motion for summary judgment, because a genuine issue of material fact exists regarding whether the removal of the guard gate of the scissor lift from which plaintiff fell was reasonably foreseeable. For the reasons that follow, we reverse and remand.

¶ 2                              BACKGROUND

¶ 3     While working as a painter on a construction site, plaintiff fell off of a scissor lift and sustained serious injuries. The guard gate, designed to allow access to the lift but prevent the user from falling from the lift, had been removed prior to plaintiff's use. Plaintiff brought suit against multiple defendants, including JLG, the manufacturer of the lift. Plaintiff sought recovery from JLG on strict-liability and negligence theories. Plaintiff alleged in his first amended complaint that the lift was unreasonably dangerous because the guard gate at the back of the lift could be easily removed, allowing a user of the lift to fall as plaintiff did.

¶ 4     JLG moved for summary judgment, arguing that, as a matter of law, the removal of the guard gate from the scissor lift was not reasonably foreseeable and, thus, acted as an

intervening cause insulating JLG from liability. After arguments by the parties, the trial court agreed with JLG and granted it summary judgment. This timely appeal followed.

¶ 5                                                    ANALYSIS

¶ 6        On appeal, plaintiff contends that the trial court erred in granting JLG's motion for summary judgment on his strict-liability count, because a genuine issue of material fact exists regarding whether the removal of the guard gate was reasonably foreseeable. We agree.

¶ 7        Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008). We review *de novo* a grant of summary judgment. *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 524 (2004). We may affirm a grant of summary judgment on any basis appearing in the record, regardless of whether the trial court relied upon that ground. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 305 (2005).

¶ 8        "To recover against a manufacturer under strict liability, a plaintiff must prove that his injury resulted from an unreasonably dangerous condition of the product and that the condition existed at the time the product left the manufacturer's control." *Augenstine v. Dico Co.*, 135 Ill. App. 3d 273, 275 (1985). A design defect can cause the product to be unreasonably dangerous. *DeArmond v. Hoover Ball & Bearing, Uniloy Division*, 86 Ill. App. 3d 1066, 1070 (1980). "It is the rule that where other causes combine to produce injury, the causal connection between the defective product and the injury will be broken only if the acts or omissions of others were improbable or unforeseeable." *Doran v. Pullman Standard Car Manufacturing Co.*, 45 Ill. App. 3d 981, 987 (1977). In other words, a manufacturer of a product is not liable for injuries resulting from unforeseeable alterations to its product. *Foster v. Devilbiss Co.*, 174 Ill. App. 3d 359, 363 (1988). "Foreseeability means that which it is *objectively reasonable* to expect, not merely what might conceivably occur." (Emphasis in original.) *Winnett v. Winnett*, 57 Ill. 2d 7, 12-13 (1974). "If a product is capable of easily being modified by its operator, and if the operator has a known incentive to effect the modification, then it is objectively reasonable for a manufacturer to anticipate the modification. [Citations.] Conversely, if the alteration of the product requires special expertise, or otherwise is not accomplished easily, then it is not objectively reasonable for a defendant to foresee the modification." *Davis v. Pak-Mor Manufacturing Co.*, 284 Ill. App. 3d 214, 220 (1996). Although questions of foreseeability are typically for the jury to resolve, they may be decided as a matter of law where the facts establish that the plaintiff would never be entitled to recovery. *DeArmond*, 86 Ill. App. 3d at 1071.

¶ 9        Plaintiff contends that, because the guard gate was easily removed and hindered the use of the lift, the trial court erred in concluding that, as a matter of law, the removal of the guard gate was not reasonably foreseeable. We agree. The evidence presented by JLG in support of the motion for summary judgment established that the top of the lift was surrounded on three sides by a guard railing. The guard gate was at the back of the lift and consisted of an upside down U-shaped piece of metal. The legs of the guard gate slid into two channels

attached to the permanent guard railing. When the scissor lift left JLG's control, the guard gate was affixed to the guard railing with a bolt and a Nyloc nut. The Nyloc nut was a nylon insert lock nut that contained a nylon collar insert. The collar insert was slightly smaller in diameter than the bolt, thus allowing the collar to "deform[ ] elastically over the threads of the bolt." This locked the bolt in two ways: it increased the friction between the nut and the bolt and it applied a compressive force against the bolt. The guard gate was also held in place by two locking pins. According to JLG's evidence, removal of the guard gate required that the nut and bolt be removed with a wrench and a screwdriver, the locking pins pulled out of position, and the gate itself pulled out of its channels.

¶ 10    Plaintiff contends that there is a genuine issue of material fact as to whether tools were needed to remove the guard gate, because Victor Cardenas, plaintiff's coworker, testified in his deposition that when he first used the scissor lift it appeared that the guard gate could be removed without the use of tools by simply lifting it out of its channels. While tools might not have been needed to remove the guard gate when Cardenas used the lift, because the nut and bolt might have been removed by that point, the relevant question is whether, when it left JLG's control, the lift was unreasonably dangerous. *Augenstine*, 135 Ill. App. 3d at 275 ("To recover against a manufacturer under strict liability, a plaintiff must prove that his injury resulted from an unreasonably dangerous condition of the product and that *the condition existed at the time the product left the manufacturer's control*." (Emphasis added.)). Plaintiff presented no evidence countering JLG's evidence that, when the lift left JLG's control, it required the use of a screwdriver and a wrench to remove the nut and bolt and thus the guard gate. Nor did plaintiff present evidence that the guard gate was not affixed as alleged by JLG. In fact, in his response to JLG's motion for summary judgment, plaintiff acknowledged that the guard gate was originally affixed to the lift by a nut and bolt and two locking pins.

¶ 11    In any case, whether tools were needed to remove the guard gate does not necessarily answer the question of whether, as a matter of law, the removal of the guard gate was foreseeable. In *Davis*, 284 Ill. App. 3d at 216, the plaintiff's husband was run over and killed by a garbage truck after the wiring of the safety switch had been altered to allow garbage to be packed while the truck was in gear. The plaintiff sued, among others, the manufacturer of the packing device and the company that sold the packing device to the husband's employer and that installed the packing device onto the truck. *Davis*, 284 Ill. App. 3d at 216. The First District reversed the trial court's grant of summary judgment, concluding that a genuine issue of material fact existed as to whether the manufacturer and the seller of the packing device could have reasonably foreseen the alteration to the safety switch's wiring. *Davis*, 284 Ill. App. 3d at 221. In doing so, the First District noted that the evidence presented did not indicate that the rewiring of the switch was a complex procedure or that the average garbage truck operator would not have the necessary knowledge to make the alteration. *Davis*, 284 Ill. App. 3d at 221. In fact, the court noted that the evidence presented implied that the rewiring could be done quickly with only pliers and a screwdriver. *Davis*, 284 Ill. App. 3d at 221.

¶ 12    We find *Davis* persuasive and believe that it belies JLG's contention that an alteration of a product is, as matter of law, unforeseeable when it requires the use of tools. As discussed

above, the *Davis* court concluded that a genuine issue of material fact existed as to the foreseeability of the modification despite the fact that the use of pliers and a screwdriver was required. While the use of tools might be a factor in determining whether a modification is accomplished easily, we do not believe that it is the determining factor, especially where the tools themselves are common tools such as pliers, wrenches, or screwdrivers. Rather, we believe, as the *Davis* court did, that where there is no evidence that special expertise is needed to make the modification or that the modification is especially complex or time-consuming, a genuine issue of material fact exists as to the foreseeability of the modification, and the question is best presented to a jury.

¶ 13 JLG relies heavily on *DeArmond* for the proposition that, where tools are needed to make the modification, the modification is, as a matter of law, unforeseeable. In *DeArmond*, 86 Ill. App. 3d at 1071, however, the removal of the safety doors required the removal of eight quarter-inch bolts and a rod. In contrast, the removal of the guard gate from the scissor lift required only the removal of a nut and bolt and two pins. While the *DeArmond* court concluded that the removal of eight bolts and a rod could never be foreseeable, we cannot say the same about the removal of a single bolt and two pins.

¶ 14 Accordingly, we conclude that a genuine issue of material fact remains regarding whether the removal of the guard gate was reasonably foreseeable. Therefore, we reverse the judgment of the trial court and remand the matter.

¶ 15 CONCLUSION

¶ 16 For the reasons stated, the judgment of the circuit court of Du Page County is reversed and the matter remanded.

¶ 17 Reversed and remanded.