TRAVIS M. GRAVITT, Plaintiff-Appellant, *v.* JAMES J. JENNINGS, Defendant-Appellee.

First District (3rd Division)    No. 79-285

Opinion filed December 12, 1979.

Thomas J. Georgis, of Chicago, for appellant.

Howard T. Savage and Howard O. Edmonds, both of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Travis M. Gravitt, brought this action in chancery requesting an accounting and the imposition of a constructive trust on a parcel of real estate allegedly held in the name of the defendant, James J. Jennings. On November 30, 1978, the circuit court dismissed the plaintiff's second amended complaint for failure to state a cause of action. The plaintiff appeals this order.

The plaintiff's second amended complaint alleges the following facts: on or about July 26, 1971, the plaintiff, a trustee of the village of Justice, and the defendant, the village attorney, were friends of long standing. The plaintiff possessed the utmost trust, faith and confidence in the defendant.

On or about the above specified date the parties orally agreed to purchase parcels of vacant land for the purpose of resale. The proceeds of sale would be divided equally between the parties. The plaintiff had the responsibility of locating the lots, while the defendant was to arrange the financing and act as attorney.

Pursuant to this agreement, a parcel of land was located and the parties obtained a mortgage from Argo Savings and Loan Association. Title was taken in the name of Drover's National Bank of Chicago as trustee, and the plaintiff owned the entire beneficial interest of the trust.

On or about December 21, 1972, the defendant, "without the

knowledge and consent of the plaintiff, * * * by trick and deception procured the signature of the plaintiff on an assignment, assigning the entire beneficial interest under the aforementioned trust to defendant." The defendant "continued in his plan of deception in allowing the aforementioned lending institution and the plaintiff to believe that the beneficial interest under the aforementioned trust continued to remain in the name of the plaintiff" as revealed in a loan modification agreement dated July 21, 1973. This document was executed by both parties and indicated that the plaintiff was the sole beneficiary of the trust.

The plaintiff first became aware of the change of beneficiary on or about April 27, 1978. He received no consideration from the defendant for the assignment, nor did he knowingly authorize the transfer of the beneficial interest to the defendant. The defendant has refused to discuss the status of the real estate with the plaintiff.

The trial court allowed the defendant's motion to dismiss the second amended complaint for failure to state a cause of action for fraud.

■■ The Civil Practice Act provides that pleadings are to be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1977, ch. 110, par. 33(3).) A motion to dismiss a complaint for failure to state a cause of action admits, for the purpose of ruling thereon, all facts properly pleaded. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722; *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452.) In evaluating the sufficiency of a complaint the entire complaint must be construed as a whole rather than separately considering its individual portions. *Kaiserman v. Bright* (1978), 61 Ill. App. 3d 67, 377 N.E.2d 261.

■ However, a complaint which does not allege sufficient facts to demonstrate a cause of action may not be remedied by liberal construction. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) The complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. *Treister v. American Academy of Orthopaedic Surgeons* (1979), 78 Ill. App. 3d 746, 396 N.E.2d 1225.

■ A constructive trust is a device used by chancery to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. (G. L. Bogert, Trusts and Trustees §471, at 3 (rev. 2d ed. 1978).) Constructive trusts are divided into two general classes: one in which actual fraud is considered as equitable grounds for raising the trust and the other where there exists a fiduciary relationship and a subsequent abuse of such relationship. *Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678; *Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69; *Eiseman v. Lerner* (1978), 64 Ill. App. 3d 185, 380 N.E.2d 1033.

The defendant argued in his motion to dismiss the complaint in the

trial court and before this court, that the complaint failed to allege facts demonstrating the essential elements of fraud. At oral argument before this court the plaintiff conceded that his complaint contained insufficient allegations of fraud. In order to establish a cause of action in fraud, there must be an allegation of an untrue statement of a material fact believed and relied upon to the detriment of the party to whom the statement was made. In addition, the motive of the person making the false statement must be to induce the other party to act. (*Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co.* (1977), 52 Ill. App. 3d 122, 367 N.E.2d 247; *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382.) No such allegations are contained in this complaint. Therefore, the defendant is correct in his argument relative to fraud in this matter.

However, the plaintiff contends that his complaint alleged sufficient facts to establish a cause of action for abuse of a fiduciary relationship. In order to justify the imposition of a constructive trust, the plaintiff must prove the existence of a fiduciary relationship and the subsequent abuse thereof. Proof of a fiduciary relationship requires a showing that one person has reposed trust and confidence in another who thereby gains a resulting influence or superiority over the other. *Ray v. Winter.*

In this instant case the plaintiff alleged the existence of a fiduciary relationship. He claimed that he placed trust and confidence in the defendant and that the defendant acted as attorney for the transactions. The plaintiff alleged that the defendant breached this relationship when he procured by trick and deception the plaintiff's signature on the assignment.

Although the plaintiff failed to allege that the relationship resulted in superiority and influence on the part of the defendant, this omission is not fatal. In *Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69, the supreme court found that a complaint which failed to allege the existence of a fiduciary relationship was sufficient to withstand a motion to dismiss. The court held that "[e]quity looks to the substance of a transaction, not to its form * * *." 12 Ill. 2d 487, 496.

The plaintiff has alleged sufficient information to inform the defendant of the nature of his claim. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) We believe, therefore, that the trial court erred in granting the defendant's motion to dismiss.

For the foregoing reasons the judgment of the Circuit Court is hereby reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SIMON, P. J., and RIZZI, J., concur.