JEFFREY BONAMIE, a Minor, by Robert Bonamie, his Father and Next Friend, Plaintiff-Appellant, *v.* JOSEPH WELSH *et al.*, Defendants-Appellees.

Third District    No. 80-276

Opinion filed April 28, 1981.

Dorothea O'Dean and H. Reed Doughty, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Peter C. Fieweger, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This case comes up on appeal as the result of a dismissal of an amended complaint. Plaintiff elected to stand on the pleadings.

■■ The amended complaint alleged that the five-year-old injured plaintiff fell through a glass door while playing on a porch at defendants' residence; that the injured plaintiff was visiting in the home of the defendants; that defendants had the duty to refrain from having a condition which they knew or should have known involved a reasonably foreseeable risk of harm to children; that the glass panel in the door was dangerous to children and that defendants failed to place a guard over the glass which could have been done at slight expense or inconvenience; that the defendants failed to protect the minor, failed to warn the minor

and failed to supervise the play of the minor; and that defendants knew the glass panel was dangerous since a different panel in the door had broken before and had been replaced with plexiglass.

Does such a complaint, albeit restated above in truncated form, state a cause of action? We hold that it does not.

■■ The door in question was not alleged to be inherently dangerous, defective or unique in any way. Quite simply, it was a porch door with glass panels. It was not alleged to be in a poorly lighted area or in surroundings which would create an illusion of being open when it was not. A common door, located in a place where one would expect a door to be, is not, in and of itself, a dangerous agency. Almost any household fixture is capable of causing injury under certain conditions. Indeed, one would expect that a person might be injured if he fell through a glass door. Likewise, one would expect that a person might be injured if he fell down, whether or not he fell through a glass door. An owner is not required to protect against the perpetual possibility that a person, whether or not a child, will hurt himself under plain ordinary conditions. To hold otherwise would make every landowner an absolute insurer for all injuries occurring on his premises. Such is not the law.

Accordingly, the order of the Circuit Court dismissing the action is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.