DARRELL R. WALKER, Plaintiff-Appellant, *v.* SHELL CHEMICAL, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2589

Opinion filed November 2, 1981.—Rehearing denied December 7, 1981.

Joseph F. Cerveny, of Pfeffer, Becker, Gabric & Cerveny, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellant.

Nolan, O'Malley and Dunne, of Chicago (Patrick W. Dunne and Michael J. Fogarty, of counsel), for appellee Architectural Iron, Inc.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Shaun McParland, of counsel), for appellee Wendnagle and Company, Inc.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This appeal arises from an action brought by Darrell Walker (plaintiff) and his wife Patricia A. Walker for damages from a fall suffered while Mr. Walker was working on the construction of a facility for Shell Chemical Company. The amended complaint includes four counts alleging in order liability based on the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*), ordinary negligence, strict liability in tort and damages to plaintiff's wife for loss of consortium. The trial court denied plaintiff's motion for leave to amend the amended complaint and allowed

motions to dismiss with prejudice count III sounding in strict liability. Plaintiff appeals.

In considering a motion to dismiss, all facts properly pleaded in the complaint are accepted as true by this court. (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 111, 395 N.E.2d 549.) "[T]he entire complaint must be construed as a whole rather than separately considering its individual portions." (*Gravitt v. Jennings* (1979), 79 Ill. App. 3d 286, 288, 398 N.E.2d 395.) "A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Johnston*, 77 Ill. 2d 108, 113.

Although we are required to construe a complaint "liberally" this "of course, does not mean * * * that the plaintiffs are relieved of 'the necessity of stating a cause of action.' " *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 9, 373 N.E.2d 1326, quoting Ill. Ann. Stat., ch. 110, par. 42, Historical and Practice Notes, at 98 (Smith-Hurd 1968).

In the case at bar, there are six corporate defendants. Plaintiff's amended complaint alleges in count III that "the defendants" [without specification] were engaged in designing and manufacturing a "product commonly known as a fabricated guardrail." These guardrails were to be used in construction of a building. The guardrails were not reasonably safe for their intended and foreseeable purposes.

It is further alleged:

(a) The defendants failed to provide adequate warnings;

(b) The rail was designed with inadequate welding to secure it in place;

(c) The rail was distributed with insufficient warning it would break;

(d) It was manufactured and designed with inadequate materials;

(e) Defendants failed to fabricate the rail to prevent it from breaking when foreseeably used;

(f) Defendants failed to inspect the rail prior to its installation into a building.

The amended complaint also alleged in count III that said fabricated guardrail was used by employees of Arthur G. McKee Co. in a certain building. Plaintiff in the course of his employment at the site sustained severe and permanent injuries.

Additional facts alleged in the amended complaint should also be considered. Count I, on structural work, alleged plaintiff Darrell Walker was employed by Arthur G. McKee Co. on the premises as a welder. Also, the defendants and each of them "erected, constructed, placed or operated a certain temporary support to facilitate and be used in the said erection or construction." While said plaintiff was working the "aforesaid temporary support" broke and plaintiff fell.

The motions to dismiss the amended complaint averred the guardrails were installed into the building prior to the occurrence so that they lost their character as separate products and became part of the building.

In this court plaintiff contends the trial court erred in dismissing count III of the amended complaint when it determined that an object loses its identity as a product when attached to a structure. Plaintiff also contends the trial court erred and abused its discretion when it denied him the right to further amendment of the amended complaint. Two of the defendants have filed briefs. Both of them urge there was no abuse of discretion in denying plaintiff leave further to amend count III because the proposed amendment would not have cured defects in the pleading. In addition, defendant Architectural Iron, Inc., contends no cause of action is stated by the complaint on the theory of product liability where the product is alleged to be a fabricated guardrail installed, or being temporarily installed, in a building under construction. Defendant Wendnagle and Company, Inc., contends that a guardrail incorporated into a building may not properly be the subject of an action for strict liability.

In our opinion, a proper solution of this case will result from application of three decisions of this court, although reference to other cases may be of assistance: *Heller v. Cadral Corp.* (1980), 84 Ill. App. 3d 677, 406 N.E.2d 88; *Immergluck v. Ridgeview House, Inc.* (1977), 53 Ill. App. 3d 472, 368 N.E.2d 803; and *Lowrie v. City of Evanston* (1977), 50 Ill. App. 3d 376, 365 N.E.2d 923, *appeal denied*, (1977), 66 Ill. 2d 631.

In *Lowrie*, plaintiff's decedent fell from an upper level of an open-air parking garage. The deceased was a patron of the garage. The allegations of the complaint were to the effect that the design of the structure did not allow sufficient space for persons to move about outside of their automobiles; there were no guardrails or adequate warnings and the structure was not reasonably safe. (50 Ill. App. 3d 376, 378.) This court affirmed dismissal of the complaint on motion to dismiss. The court held specifically that a multi-level, open-air garage was not a product within the scope of section 402A of the Restatement of Torts. The opinion contains a complete analysis as to the definition of the term "product" as contained in the leading case of *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, and a number of later cases. *Lowrie* is also helpful for its development and comment upon the policy reasons which buttress the concept of strict product liability and the cogent reasons for preventing an inordinate expansion of product liability theory.

In *Immergluck*, plaintiff fell from a window in a sheltered-care facility. Plaintiff alleged she suffered from a mental illness and that the facilities were unreasonably dangerous because of absence of any device to prevent egress through the windows. (53 Ill. App. 3d 472, 473.) Dismissal of the complaint on motion was affirmed by this court. The case is important also for the policy considerations which impel the courts

not to permit an undue expansion of the strict product liability concept.

In *Heller*, plaintiff purchased a condominium home. The sale agreement contained a warranty against latent defects resulting from faulty workmanship or material (84 Ill. App. 3d 677, 678). This court held that the complaint, predicated upon strict liability, was properly dismissed. The detailed opinion of this court cites *Suvada*, *Lowrie* and *Immergluck* and carefully analyzes the cogent policy restrictions which "support the imposition of strict liability * * *." See *Heller*, 84 Ill. App. 3d 677, 679.

Predicated upon these three decisions, we conclude that if the guardrail involved in the instant case was actually a component and indivisible part of the entire building structure, it may not be considered as a product. Applying this reasoning to the amended complaint before us, we are confronted with a dilemma. On the one hand, count III of the amended complaint alleges the guardrails were to be used in construction of a building. Count III also alleges defendants failed to inspect the guardrail "prior to its installation into a building." In our opinion, if this amended complaint is to be construed as alleging that the guardrail became an integral part of the building structure, the judgment of dismissal should be affirmed under the three authorities above cited.

In addition, count I of the amended complaint alleges with complete inconsistency that the guardrail was a "temporary support to facilitate and be used in the said erection or construction." However, in any or either event we are impelled to affirmance of the trial court judgment because, as will be shown, this alternative must also fail. In *Housman v. C. A. Dawson & Co.* (1969), 106 Ill. App. 2d 225, 245 N.E.2d 886, the theory of strict liability was applied. Plaintiff there was using a piece of lumber as a support. It broke while plaintiff was standing on it and thus using it during the process of the work. (106 Ill. App. 2d 225, 227.) Therefore, the court held the law of product liability should be applied.

In *Moorman Manufacturing Co. v. National Tank Co.* (1980), 92 Ill. App. 3d 136, 414 N.E.2d 1302, a grain storage tank was manufactured and sold to plaintiff by defendant. During use a crack developed in a portion of the device. This court held the tank was a product under the law of strict liability (92 Ill. App. 3d 136, 146). We note that no injury was involved in that case but this court pointed out the economic loss was a sufficient factor to permit recovery under strict liability.

Plaintiff in the instant case depends upon *Housman* and *Moorman*, but we cannot agree that count III states a cause of action. The problem is a paucity of factual allegations in the amended complaint. Despite careful study of the entire amended complaint and all counts thereof, we are unable to ascertain how this incident occurred. We do not know what plaintiff was doing when the guardrail failed; where the guardrail was located; what was the cause or reason for its failure and how plaintiff actually used the guardrail at the time of the occurrence.

■■ It is not sufficient for a complaint simply to allege a cause of action exists. Nor is it sufficient for a complaint to allege conclusions of law in order to support the allegation of a cause of action. In *Wilson v. Hunk* (1977), 51 Ill. App. 3d 1030, 1036, 367 N.E.2d 478, we held allegations that a statement made by plaintiff caused damages were "not 'magic words' which create a cause of action [under defamation] without allegations of fact or factual inferences * * *." In *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 375-76, 282 N.E.2d 723, the supreme court held the allegation the defendant " 'had charge of' " a demolition project, was a conclusory statement which, without supporting factual allegations, was not sufficient to state a cause of action under the Structural Work Act. Similar to the case at bar, the court in *Van Dekerkhov* noted the complaint contained apparently inconsistent factual allegations which clouded the conclusion that the action pleaded was within the purview of the Structural Work Act. The inconsistency was a factor in rendering the complaint legally insufficient. (51 Ill. 2d 374, 376-77.) We hold the complaint in the case at bar did not allege sufficient facts as distinguished from conclusions to establish a cause of action sounding in strict liability.

In addition to this important factor and the policy reasons set forth in the authorities above analyzed, we are also constrained to note that the remaining counts in plaintiff's complaint are of a type which will not deprive plaintiff of the possibility of a remedy for his injuries. In view of these considerations, we have concluded that the motions to dismiss were properly granted.

■■ The proposed amendment submitted by plaintiff is directed to paragraph 3 of count III of the amended complaint. The amendment is contained in plaintiff's motion to vacate the order of dismissal and for leave to amend filed on the 30th day after the entry of judgment in favor of defendants on their motion to dismiss. Quite aside from the issue of whether plaintiff had the right to amend his amended complaint at that point in the proceedings (see *First National Bank*, 71 Ill. 2d 1, 8), we have concluded that the proposed amendment, if permitted, would make no change in the legal situation. The amendment alleged the guardrail "was being temporarily installed" and was in use by employees of McKee Company and that plaintiff Darrell Walker was injured in the course of his employment. This proposed allegation does not supply specific factual information as to the use of the guardrail at the time of the occurrence. It does not cure the lack of factual allegations in the amended complaint.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.