JOHN TAINO *et al.*, Plaintiffs-Appellees, v. ANNA SANCHEZ *et al.*, Defendants-Appellants.

First District (1st Division)   No. 84—1345

Opinion filed September 15, 1986.

Sanford Kahn, Ltd., of Chicago (Richard W. Christoff, of counsel), for appellants.

Robert F. Lisco, of Lisco & Field, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, John and Cecelia Taino, brought this action against defendants, Julio and Anna Sanchez, seeking a declaration of a constructive trust over real estate to which defendants held legal title. The trial court imposed a constructive trust on the property finding that defendants had abused their fiduciary relationship with the plaintiffs in obtaining title to the property. Defendants appeal from that judgment contending that the imposition of a constructive trust was against the manifest weight of the evidence since no fiduciary relationship existed between the parties.

Defendant, Julio Sanchez, is self-employed, owning and managing properties in Chicago. Plaintiff, John Taino, is his first cousin who came to the United States from the Philippine Islands in 1968. Sanchez paid for Taino's airfare from the Philippines to Chicago. Following Taino's arrival in the United States, Sanchez introduced Taino to the owner of a printing company where Taino obtained employment.

Beginning in 1970, Taino borrowed money from Sanchez from time to time. Sanchez charged Taino 3% interest per month and Taino repaid the loans. In September 1971, Taino undertook to purchase a three-flat apartment building at 2019 West Ohio Street in Chicago for $24,000. Towards this end, Taino borrowed $3,000 from Sanchez, $3,000 from Stella Salazar, his sister-in-law, and took a mortgage for the remaining $18,000. Julio Sanchez arranged to have the property placed in a land trust. Under the terms of the trust agreement, Anna Sanchez, the wife of Julio Sanchez, was vested with the power of direction. John Taino, Stella Salazar, Anna Sanchez and Cecelia Rodriguez each held a one-fourth beneficial interest in the trust. Cecelia Rodriguez was the wife of John Taino. Taino testified that he signed the trust agreement "in blank" and did not understand its terms. Taino made the mortgage payments by giving a cash payment every week to Julio Sanchez with the understanding he would pay the bank.

In May 1973, Anna Sanchez exercised her power of direction in the land trust and conveyed the property to Taino and his wife. Anna Sanchez testified that from January 1973 through November 1976, Ju-

lio Sanchez loaned moneys to Taino totalling over $26,000. The testimony was in dispute as to whether these loans were repaid. In July 1976, John Taino and Julio Sanchez had a conversation in the Sanchez home. Anna Sanchez testified that Julio Sanchez asked Taino for the monies he had lent to Taino and that Taino responded that Sanchez should take the property since he could not pay the debt. In July 1976, the Tainos executed a second trust agreement and conveyed the Ohio Street property into the trust. Under the terms of the second trust agreement, John Taino, Cecelia Rodriguez and Anna Sanchez were named as beneficiaries of equal one-third interests in the property. Anna Sanchez was again named as the holder of the power of direction. John Taino testified that certain portions of the form trust agreement were blank when he signed it. Taino and his family resided on the first floor of the building. He collected rents from the second- and third-floor apartments and continued to make weekly payments to Sanchez for the mortgage expense.

Julio Sanchez died in August 1978. Several weeks after his death. Taino told Anna Sanchez that he wanted to know how much he owed on the Ohio Street property because he wanted to sell it. Anna responded that he couldn't sell it because she owned it. Anna testified that following her husband's death, she had made the mortgage payments on the property and had not received any payments from Taino. In August 1980, she exercised her power of direction, directing the trust to convey the property to herself and her son. A few weeks later, Anna demanded that the Tainos move from the building and that the rents from other tenants be forwarded to her.

Plaintiffs then filed this action for the imposition of a constructive trust on the property in their favor. At trial, both parties submitted proposed findings of fact. The trial court adopted the findings of fact proposed by plaintiff and held for the plaintiff. Included within those findings of fact, the court found that John Taino was the cousin of Julio Sanchez, that in 1968 Taino entered the United States under Sanchez' sponsorship, and that Sanchez helped Taino obtain his first job and find an apartment. The court held that these factors led to a "lasting relationship which the court finds to be a confidential relationship" between the parties. The court further found that Taino relied completely upon the advice and recommendations of Julio Sanchez, "thereby creating a special trust and confidence between the plaintiffs and Julio Sanchez."

■ We are asked to decide whether the imposition of a constructive trust in the case at bar was against the manifest weight of the evidence. A constructive trust will be used by a court of equity to

compel a party who unfairly holds a property interest to convey that interest to the one to whom it justly belongs. (*Gravitt v. Jennings* (1979), 79 Ill. App. 3d 286, 398 N.E.2d 395.) A constructive trust "arises by operation of law when the circumstances of a transaction are such that the court finds it inequitable for the legal owner to enjoy the beneficial interest." *Price v. Illinois* (1979), 79 Ill. App. 3d 143, 148, 398 N.E.2d 365, 370.

■ Constructive trusts are generally divided into two groups: (1) those where actual fraud exists; and (2) those arising by virtue of the existence of a fiduciary or confidential relationship. (*Whewell v. Cox* (1977), 54 Ill. App. 3d 179, 369 N.E.2d 330, *appeal denied* (1978), 71 Ill. 2d 601.) In the case at bar, since there is no allegation of fraud, we consider only whether a fiduciary relationship existed. Whether or not a fiduciary relationship exists between the parties depends on the facts in each case. The proof of a confidential relationship requires a showing that one party has reposed trust and confidence in another who thereby gains an influence and superiority over the other. (*Edwards v. Miller* (1978), 61 Ill. App. 3d 1023, 378 N.E.2d 583.) "The relationship may be moral, social, domestic, or merely personal." (*Anderson v. Lybeck* (1958), 15 Ill. 2d 227, 232, 154 N.E.2d 259, 262.) Factors to be considered in determining whether a confidential relationship exists are the degree of kinship of the parties, the disparity in age, health, mental condition, education and business experience between them and the degree of trust placed in the dominant party. *Kester v. Crilly* (1950), 405 Ill. 425, 91 N.E.2d 419; *Desiderato v. Sullivan* (1980), 84 Ill. App. 3d 1117, 406 N.E.2d 116, *appeal denied* (1980), 81 Ill. 2d 590.

■ In considering these factors in light of the record before us, we believe that the evidence was sufficient to establish the existence of a fiduciary relationship between John Taino and Julio Sanchez. Julio Sanchez assisted his cousin, John Taino, in coming to the United States from the Philippines by purchasing his plane ticket and helping him obtain employment. Upon their arrival in the United States, Taino and his wife were not conversant in the English language. Julio and Anna Sanchez acted as parents to Taino. Taino regularly called them "mama" and "papa." John Taino and Julio Sanchez conversed in a Philippine dialect which even Sanchez' wife, Anna, could not understand. Sanchez also made loans of money to Taino for which he charged a rate of 3% interest per month. We think these facts are sufficient to establish the existence of a confidential relationship between the parties and a presumption of influence by Sanchez over Taino. Moreover, the record does not show any evidence to rebut the

presumption of influence.

Having reached the conclusion that a fiduciary relationship existed between the parties, we now must consider whether the imposition of a constructive trust was warranted on the property at issue. We are mindful that in determining whether to impose a constructive trust we must consider the principles of equity, good conscience and unjust enrichment. (*City of Chicago v. Roppolo* (1983), 113 Ill. App. 3d 602, 447 N.E.2d 870.) We conclude that the facts of this case warrant the imposition of a constructive trust. Plaintiffs presented evidence that Julio Sanchez was highly experienced in real estate matters since he had acquired, managed and owned various properties. Sanchez assisted Taino and his wife in acquiring the Ohio Street property by preparing the documentation for the land-trust agreement. The lawyer at the closing of the property had previously represented Sanchez in numerous real estate transactions and was unaware that Taino was contributing the down payment for the property. It was at the suggestion of Sanchez that Taino used a land trust to hold the property. John and Cecelia Taino signed the trust agreement without an understanding of what they were signing nor did they understand that the sole power of direction was vested in Anna Sanchez. Our reading of this record leads us to conclude that Anna Sanchez and her son came to hold title to the Ohio Street property by reason of the trust and confidence reposed in Julio Sanchez by John Taino. In reaching this conclusion, we recognize that the opinion of the trier of fact must be given especially great weight in a constructive trust case. (*Whewell v. Cox* (1977), 54 Ill. App. 3d 179, 359 N.E.2d 330, *appeal denied* (1978), 71 Ill. 2d 601.) In this case, we do not find the trial court's imposition of a constructive trust was against the manifest weight of the evidence.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.