LISA APPLEBY, Plaintiff-Appellant, v. DONALD T. MILLER, JR., *et al.*, Defendants-Appellees.

Second District   No. 2—89—0822

Opinion filed May 3, 1990.—Rehearing denied June 1, 1990.

534

Kenneth C. Chessick, M.D., S.C., of Schaumburg (John W. Fisk, of counsel), for appellant.

Kenneth W. Traum, of Kostantacos, Traum, Reuterfors & McWilliams, P.C., and Thomas & Hinshaw, Culbertson, both of Rockford, and Johnson, Cusack & Bell, Ltd., and Dean M. Athans, of Taslitz, Smith & Hemmesch, both of Chicago, for appellees Donald T. Miller, Jr., Steven J. Disanti, H. Shils, Alan Cheung, Marabella Alhambra, Rajakankumar Naik, and Kishwaukee Community Hospital.

Heyl, Royster, Voelker & Allen, of Springfield, and Douglas J. Pomatto, of Heyl, Royster, Voelker & Allen, of Rockford (Karen L. Kendall, of counsel), for appellee Colwell Systems, Inc.

JUSTICE INGLIS delivered the opinion of the court:

On September 20, 1988, plaintiff, Lisa Appleby, brought suit against Dr. Donald T. Miller, a dentist, and other medical providers al-

leging that negligent treatment was rendered to her. Additionally, in count X of the complaint, plaintiff brought a products liability claim against defendant "Unknown Seller of Medical Form" alleging that the unknown seller sold a defective medical history intake form to Miller, her dentist, which was used by Miller on September 23, 1986, and thereafter in his treatment of her. Plaintiff alleged that the form was defective in that it failed to inquire as to whether plaintiff had a history of a heart murmur, cardiac valvular disease, or mitral valve prolapse; it failed to inquire as to whether it was recommended to plaintiff that she take prophylactic antibiotics; and it failed to provide notice or warning of its incomplete inquiry or listing of a potential patient's medical history, and/or the potential consequences thereof. The complaint alleged that Miller had relied upon the information compiled pursuant to the medical form and that such reliance was, or should have been, foreseeable by defendant unknown seller. It was alleged that as a direct and proximate result of the defective form, plaintiff has suffered bacterial endocarditis, coma, brain artery aneurysm, and hemiparesis. Attached to the complaint was the affidavit of plaintiff's attorney stating that the name of the seller of the medical form was unknown and could not be determined at that time.

On January 25, 1989, plaintiff filed a motion for leave to file her first amended complaint. Pursuant to the amended complaint, plaintiff substituted Colwell Systems, Inc., for defendant unknown seller. The substantive allegations of the pleadings remained virtually unchanged. The trial court granted plaintiff's motion on February 2, 1989, and the amended complaint was filed *instanter*.

On April 20, 1989, defendant Colwell filed a motion to dismiss plaintiff's amended complaint alleging, *inter alia*, that it failed to state a cause of action based upon strict products liability and that the action against Colwell was barred by the statute of limitations.

On June 15, 1989, after hearing oral arguments, the trial court granted defendant Colwell's motion to dismiss with prejudice. The court reasoned that the medical form "is not a product which would invoke the public policy considerations advanced to support the imposition of strict liability." The trial court stated that "there are no facts pled which would show that the plaintiff was a consumer or user as contemplated by the products liability cases or that the form was the proximate cause of the plaintiff's injuries." The court further held that the action was beyond the statute of limitations and that section 2—413 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—413) could not assist plaintiff in making the action timely. The decision of the trial court was incorporated into a written order en-

tered July 17, 1989. Plaintiff timely appeals, raising the following issues: (1) whether plaintiff's amended complaint sufficiently stated a cause of action under a strict products liability theory so as to withstand a motion to dismiss; and (2) whether the trial court erred in finding that plaintiff's complaint failed to satisfy the statute of limitations and in denying her leave to file a second amended complaint. We affirm.

■ In determining the legal sufficiency of a complaint on a motion to dismiss, the trial court is required to accept all well-pleaded facts as true. (*Hubbard v. Chicago Housing Authority* (1985), 138 Ill. App. 3d 1013, 1014.) However, in ruling on a motion to dismiss, the trial court must disregard mere conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (*Prudential Insurance Co. v. McCurry* (1986), 143 Ill. App. 3d 222, 225; *Hubbard v. Chicago Housing Authority* (1985), 138 Ill. App. 3d 1013, 1014-15.) A cause of action is properly dismissed on the pleadings only where it clearly appears that no set of facts can be proved which will entitle the plaintiff to relief. *Hubbard*, 138 Ill. App. 3d at 1015.

■ To state a cause of action in strict products liability, a complaint must allege that: (1) plaintiff's injury resulted from a condition of the product; (2) the condition of the product was unreasonably dangerous; and (3) the condition existed when it left the seller's control. (*Loos v. American Energy Savers, Inc.* (1988), 168 Ill. App. 3d 558, 562; *Phillips v. United States Waco Corp.* (1987), 163 Ill. App. 3d 410, 417.) Thus, in a strict products liability action, a "product" must be at issue.

■ In determining what is a product, the courts have looked to the social policy justifications underlying the adoption of strict liability rather than a dictionary definition of the term "product." (*Trent v. Brasch Manufacturing Co.* (1985), 132 Ill. App. 3d 586, 589.) The policy justifications to be considered include the public interest in human life and health, the manufacturer's invitations and solicitations to use the product, its representations that the product is safe and suitable for intended use, and the justice of imposing the loss on the one creating the risk and reaping the profit. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 619.

■ Given these considerations, we find that the medical form in question was a service provided to the dentist rather than a product subject to strict liability. Defendant's form merely supplied the dentist with a short list of general questions to be answered by the patient. Specifically, the form asked, under the subtitle "Health Questions,"

the following yes/no questions:

"Do you feel you are now in good health?"

"Are you presently under a doctor's care?"

"Have you ever been told you had high blood pressure?"

"Have you had heart trouble, rheumatic fever, diabetes, or hepatitis?"

"Have you ever had trouble with bleeding from injuries, or after surgery or extractions?"

"Are you allergic to, or have you had an unusual reaction to, any drug or local anesthetic?"

In addition, the form asked what pills or medication the patient was presently taking, the name and address of her physician, and the date of her last dental visit.

■ Given the generality of the questions and the brevity of the form, we find that it would be unreasonable to expect that the form was intended to be a comprehensive inquiry as to a patient's medical history, and there was no evidence presented that defendant represented it as such. Rather, the apparent function of the form was to provide dentists with a list of broad questions to be answered by patients and then supplemented by the dentist as deemed appropriate. It thus appears that the gravamen of plaintiff's complaint is not the form itself; rather, it is the dentist's alleged negligent conduct in his use or reliance on the form. Such errors of professional judgment are held to the standard of reasonable skill under the concept of negligence, and strict liability simply does not come into play. *Dubin v. Michael Reese Hospital & Medical Center* (1980), 83 Ill. 2d 277, 281.

Because we have determined that the form in question is not a product, plaintiff's complaint sounding in strict liability is legally deficient and was, therefore, properly dismissed. (*Hubbard*, 138 Ill. App. 3d at 1015.) Given our finding, we need not address the other issues raised on appeal.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

REINHARD and DUNN, JJ., concur.