CARLOTTA LOVING, for her Daughter, Rashonda Dean, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, Defendant-Appellee.

First District (5th Division)   No. 1—89—1837

Opinion filed September 14, 1990.

Stanley J. Heller, of Thomas R. Cirignani & Associates, of Chicago, for appellant.

Moore & Maisel, of Chicago (Gary K. Moore and Thomas J. Branit, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Carlotta Loving appeals from dismissal of her complaint, filed on behalf of her daughter, in which she sought to state a cause of action for negligence against the Chicago Housing Authority (CHA) for injuries her daughter suffered from contact with an uninsulated steam pipe in a CHA apartment.

We affirm.

On May 11, 1989, plaintiff filed a single-count complaint, as

amended, against the CHA alleging that her seven-month-old daughter was severely burned when her lower left leg and foot became "wedged between the wall and radiator pipes" in the CHA apartment of her daughter's babysitter. In the complaint, plaintiff asserted liability against the CHA under a theory of negligence for its failure to supply insulation around the steam pipes.

The circuit court dismissed the complaint with prejudice pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), finding the allegations did not state a cause of action under *Hubbard v. Chicago Housing Authority* (1985), 138 Ill. App. 3d 1013, 487 N.E.2d 20, and *Trotter v. Chicago Housing Authority* (1987), 163 Ill. App. 3d 398, 516 N.E.2d 684, in which the appellate court determined the CHA owed no duty to insulate steam pipes.

This appeal followed.

OPINION

On appeal, plaintiff argues that *Hubbard* was wrongfully decided and that *Trotter*, at least indirectly, supports that contention.

In *Hubbard*, the circuit court dismissed an action based, in part, on negligence against the CHA for injuries suffered from contact with a steam pipe in a CHA apartment. The complaint alleged the CHA was negligent in placing steam pipes along the surface of the apartment walls where tenants would come in contact with them and that the steam pipes were not covered with any type of insulating material.

The first division of this court affirmed the dismissal of the complaint. The court noted the well-settled rule that a landlord is not liable to his tenant for injuries the tenant may sustain in the apartment and further observed the failure of the complaint to allege the steam pipes were defective. The complaint alleged merely that the steam pipes were exposed and hot. The court therefore reasoned that the question of liability was similar to that presented in *Dargie v. East End Bolders Club* (1952), 346 Ill. App. 480, 105 N.E.2d 537, where the appellate court had earlier determined liability based on negligence did not exist for the failure to cover a steam radiator which was being used for its intended purpose and which was not defective. (*Hubbard*, 138 Ill. App. 3d at 1015, 487 N.E.2d at 22.) Further, the court rejected the argument that the CHA could be liable under the duty to repair clause in its lease because the complaint did not allege the steam pipe was in need of repair. *Hubbard*, 138 Ill. App. 3d at 1016, 487 N.E.2d at 22.

In *Trotter*, a majority of the same appellate court panel, again relying on *Dargie*, reaffirmed *Hubbard*.

However, in a thoughtful dissent, Justice Buckley, who had joined in the unanimous decision in *Hubbard*, disagreed with the court's analysis. Justice Buckley pointed out that *Trotter* differed both procedurally and factually from *Hubbard*. (*Trotter*, 163 Ill. App. 3d at 404-05, 516 N.E.2d at 687-88 (Buckley, J., dissenting).) *Trotter* involved an appeal from the grant of a motion for summary judgment in favor of the CHA, not the dismissal of a complaint based on the failure to state a cause of action as the court had considered in *Hubbard*. Further, the record in *Trotter* contained facts generated through discovery indicating that the portion of pipe which had caused the injury had, at some time, been covered with some type of insulating material, that that was the normal condition of the steam pipes in the apartment, and that the CHA had been made aware of the uninsulated section of steam pipe.

Citing the distinction long recognized in Illinois between nonfeasance and misfeasance, Justice Buckley reasoned summary judgment was improper. The record in *Trotter* indicated the CHA had voluntarily undertaken a duty to insulate the steam pipe, necessarily raising the issue of whether the CHA subsequently exercised reasonable care with respect to that duty. (*Trotter*, 163 Ill. App. 3d 406, 516 N.E.2d 689 (Buckley, J., dissenting).) Because the record also indicated insulation was missing where it had once been supplied, a question of fact existed which should have precluded the determination of no liability as a matter of law. *Trotter*, 163 Ill. App. 3d 406, 516 N.E.2d 689 (Buckley, J., dissenting).

In contending *Hubbard* was incorrectly decided, plaintiff in the instant appeal points out that radiators, which radiate heat from steam over a large surface area, are factually different from steam pipes, which merely convey steam to the radiator, a difference noted in the dissent in *Trotter*. Plaintiff seizes on that difference, reasoning that the court's reliance on *Dargie*, a case involving an uncovered yet properly functioning radiator, in *Hubbard*, a case involving an exposed yet properly functioning steam pipe, was flawed.

We do not agree. Although we acknowledge that covering a radiator might, in some circumstances, inhibit its intended function to emit heat in an apartment space, while insulating a steam pipe does not in the same way effect its purpose to convey heat to the radiator, we do not believe the issue of the CHA's legal liability turns on that distinction. Logically, if a duty could exist for creation of an unreasonably dangerous condition based on the use of a properly functioning,

normally exposed steam pipe, a duty should similarly arise to prevent contact with a radiator, to the extent possible without inhibiting its intended function, because the danger in either case is materially the same. For example, an enveloping grating, secured away from a radiator's surface, might serve the purpose.

However, consideration of all possible safeguards from contact with an exposed steam pipe or radiator goes beyond the scope of relevant analysis in determining liability here. The CHA is not an insurer against all injuries suffered in its tenants' apartments. We agree with the court's analysis in *Hubbard* and, in the absence of allegations in the instant complaint of a voluntary undertaking to provide insulation around the steam pipe or allegations that the pipe was defective or in disrepair, plaintiff's complaint fails to state a cause of action against the CHA.

We therefore affirm the order of the circuit court dismissing plaintiff's complaint.

Affirmed.

COCCIA, P.J., and GORDON, J., concur.