CLYDE MILLER, JR., Plaintiff-Appellant, v. SEARS, ROEBUCK AND COMPANY, Defendant-Appellee, (William Bryant *et al.*, d/b/a B&W Transmission, *et al.*, Defendants.)

First District (3rd Division)   No. 85—1743

Opinion filed October 29, 1986.—Rehearing denied November 26, 1986.

RIZZI, P.J., dissenting.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellant.

Arnstein, Gluck, Lehr, Barron & Milligan, of Chicago (Patrick F. Geary and Yvor E. Stoakley, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff, Clyde Miler, Jr., appeals from the trial court's dismissal of counts V and VI of his amended complaint in a personal injury action. Count V of the complaint alleges a violation by defendants, Sears, Roebuck and Company (Sears), Doerr Electric Corporation (Doerr) and Melben Products Company, Inc. (Melben), of the express and implied warranties of merchantability found in sections 2—313 and 2—314 of the Uniform Commercial Code—Sales (UCC) (Ill. Rev. Stat. 1977, ch. 26, pars. 2—313, 2—314). Count VI alleges that Sears violated an implied warranty of fitness for a particular purpose under section 2—315 of the UCC (Ill. Rev. Stat. 1977, ch. 26, par. 2—315).

The complaint alleges the following: On July 17, 1978, plaintiff was on the premises of defendants, William Bryant and Desmond White, d/b/a B&W Transmission (B&W), where he spoke with the defendants about repairs to his automobile. In the shop was an air compressor manufactured by Doerr and Melben and purchased from Sears by B&W. While plaintiff was at the shop, White turned on a switch that activated the compressor. Almost immediately, there was an explosion which demolished the transmission shop and injured plaintiff.

Plaintiff filed his original complaint on August 6, 1979, alleging negligence on the part of B&W, Doerr, Melben, and Sears. He also sought recovery under a theory of strict liability from Doerr, Melben, and Sears. On February 18, 1982, plaintiff added the UCC counts. Defendant Doerr subsequently was dismissed on a motion for summary judgment. Sears filed a motion to dismiss counts V and VI of the amended complaint, contending that: (1) counts V and VI failed to state a claim upon which relief could be granted because the warranty protections of the UCC do not extend to plaintiff; (2) plaintiff's remedies were barred by UCC section 2—607(3)(a) (Ill. Rev. Stat. 1977, ch. 26, par. 2—607(3)(a)) because he failed to notify Sears of the alleged breaches of warranty within a reasonable time after discovery; and (3) plaintiff failed to allege and could not allege that he relied upon express or implied warranties.

The trial court granted Sears' motion. It stated that counts V and VI failed to state a claim upon which relief could be granted because plaintiff was not within the class of persons to whom the warranty protections of UCC section 2—318 extended. The court did not address the other issues raised by Sears. Plaintiff appeals the trial court's determination.

Plaintiff contends that the trial court erred in dismissing counts V and VI because, under section 2—318 of the UCC, he is a third-party beneficiary of Sears' warranties, express or implied. In support of his position, he cites *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 399 N.E.2d 1355, and *Boddie v. Litton Unit Handling Systems* (1983), 118 Ill. App. 3d 520, 455 N.E.2d 142. Section 2—318 provides:

> "Third Party Beneficiaries of Warranties Express or Implied. A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this Section." Ill. Rev. Stat.

1977, ch. 26, par. 2—318.

The *Knox* court recognized that the warranty protections of the statute may extend to persons beyond those specifically enumerated. The court noted in *dicta* that an employee could stand in a relationship to his employer, the last purchaser, which would make the employee the functional equivalent of a guest or family member and, thereby, provide him the protections of section 2—318. *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 689, 399 N.E.2d 1355; accord, *Boddie v. Litton Unit Handling Systems* (1983), 118 Ill. App. 3d 520, 532, 455 N.E.2d 142.

In contrast, the Federal courts in Illinois interpreting section 2—318 have declined to recognize any extension of protection to classes of persons considered "functional equivalents" of those expressly mentioned in the statute. (*Hemphill v. Sayers* (S.D. Ill. 1982), 552 F. Supp. 685, 693; *In re Johns-Manville Asbestosis Cases* (N.D. Ill. 1981), 511 F. Supp. 1235, 1239-40.) Both courts agreed that such an extension would amount to "judicial legislation" tantamount to a rewritten statute and contrary to the intent of the drafters. *Hemphill v. Sayers* (S.D. Ill. 1982), 552 F. Supp. 685, 693; *In re Johns-Manville Asbestosis Cases* (N.D. Ill. 1981), 511 F. Supp. 1235, 1239.

When the Illinois legislature adopted section 2—318 of the UCC, it selected the most restrictive version from among three alternative forms defining the classes of persons to be protected by the statutory warranties even though those persons were not the original buyers of goods in the distributive chain. In their comment to the statute, the UCC drafters indicated:

> "This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." (Ill. Ann. Stat., ch. 26, par. 2—318, Uniform Commercial Code Comment, at 265 (Smith-Hurd 1963).)

This comment was effectively reiterated by the drafters of the Illinois UCC. Ill. Ann. Stat., ch. 26, par. 2—318, Illinois Code Comment, at 264 (Smith-Hurd 1963).

■ The alternatives which were rejected in Illinois would have extended a seller's warranties to classes of third-party beneficiaries much broader than those receiving protection under our statute. The rejected alternatives read as follows:

> "Alternative B. A seller's warranty whether express or implied extends to any natural person who may reasonably be ex-

pected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

Alternative C. A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends." (See UCC sec. 2—318 (1978).)

We agree with the *Knox* court that, in light of the legislature's enactment of Alternative A rather than the broader reaching alternatives, "the legislature consciously chose to limit a seller's liability for breach of warranty to the specific classes enumerated therein." (*Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 689, 399 N.E.2d 1355.) Plaintiff urges us that, further, we should adopt the "functional equivalent" test as expressed by the *Knox* court and find that, as a customer in the transmission shop, he was the "guest" of the business purchaser equivalent to the house guest of a residential purchaser. We decline to do so.

■ A court's function is to declare and enforce the law as enacted by the legislature and interpret the language when necessary but not enact new provisions or substitute different ones. (*In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 120, 477 N.E.2d 488; *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307, 134 N.E.2d 249.) Our review of the legislative history of UCC section 2—318, coupled with the legislature's failure to expand expressly the class of horizontal nonprivity plaintiffs following the *Knox* and *Boddie* decisions, compels us to limit the classes of persons protected under the statute. We hold that persons afforded third-party warranty protection are limited to those expressly enumerated in the text of UCC section 2—318 and that protection should not be expanded to others who could be considered their functional equivalents.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, J., concurs.

PRESIDING JUSTICE RIZZI, dissenting:

I would reverse the dismissal of counts V and VI and remand for the reasons stated in my dissent in *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 696-99, 399 N.E.2d 1355, 1363-68.