TIMOTHY A. WHITAKER, Plaintiff-Appellant, v. LIAN FENG MACHINE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—2196

Opinion filed May 27, 1987.

RIZZI, J., specially concurring.

Halfpenny, Hahn & Roche, of Chicago (Michael T. Reid and James F. Flanagan, of counsel), for appellant.

O'Connor & Schiff, of Chicago (Daniel J. Kaiser and Kevin F. Donohue, of counsel), for appellee Valley Supply & Tool Co., Inc.

Ross & Hardies, of Chicago (William D. Serritella and David C. Bohrer, of counsel), for appellee Equipment Importers, Inc.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Timothy A. Whitaker brought suit to recover for injuries he sustained while working with a bandsaw which belonged to his employer, Du Page Precision Products Company (Du Page). He alleged that defendant Lian Feng Machine Company manufactured the bandsaw and sold it to defendant Equipment Importers, Inc., which imported it to the United States and resold it to defendant Valley Supply & Tool Company (Valley Supply), which sold it to Du Page. In counts III and IV of his amended complaint plaintiff sought to recover on the basis of breach of warranties of merchantability and fitness for a particular purpose. Defendants Equipment Importers, Inc., and Valley Supply moved to dismiss counts III and IV on grounds of the lack of privity between plaintiff and defendants. The trial court granted defendants' motions and plaintiff appeals.

Plaintiff alleged in his complaint that on June 29, 1984, he used the bandsaw in the course of his employment with Du Page. The saw cut his left hand, amputating three fingers. He alleged that defendants knew Du Page sought a suitable bandsaw for its employees to use to cut bar stock.

Plaintiff asks us to resolve a single question in this appeal: Can the employee of the ultimate purchaser of a product recover from the seller for breach of warranty? Our research indicates that this question has not been squarely decided by the State courts of Illinois. In *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 399 N.E.2d 1355, this court stated in *dicta* that employees of purchasers may be able to sue sellers for breach of warranty under section 2—318 of the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1985, ch. 26, par. 2—318). (80 Ill. App. 3d 683, 689, 399 N.E.2d 1355.) The dissent agreed with this *dicta*. (80 Ill. App. 3d 683, 699, 399 N.E.2d 1355 (Rizzi, J., dissenting).) In *Boddie v. Litton Unit Handling Systems* (1983), 118 Ill. App. 3d 520, 455 N.E.2d 142, the court indicated, again in *dicta*, that it agreed that employees of ultimate purchasers should be allowed to sue on grounds of

breach of warranty. 118 Ill. App. 3d 520, 532, 455 N.E.2d 142.

Federal courts in Illinois have addressed this question in three published decisions which have been brought to our attention. In *In re Johns-Manville Asbestosis Cases* (N.D. Ill. 1981), 511 F. Supp. 1235, the court held that the right to recover for breach of warranty is limited in Illinois to purchasers and the narrow class of persons listed in section 2—318 of the UCC (Ill. Rev. Stat. 1985, ch. 26, par. 2—318). Since that section does not mention employees of purchasers, the court dismissed suits brought by employees of ultimate purchasers for the seller's breach of implied warranties. (511 F. Supp. 1235, 1239-40.) Similarly in *Hemphill v. Sayers* (S.D. Ill. 1982), 552 F. Supp. 685, the district court held that the purchaser's employees could not sue the seller for breach of warranty. (552 F. Supp. 685, 692.) In *Eisenmann v. Cantor Bros., Inc.* (N.D. Ill. 1983), 567 F. Supp. 1347, on the other hand, the court indicated that it would allow employees of purchasers to sue for breach of warranty as third-party beneficiaries of the contract, following *Knox.* (567 F. Supp. 1347, 1356.) However, in that case the cause of action was barred by the applicable statute of limitations.

Defendants, relying on *Johns-Manville* and *Hemphill,* contend that plaintiff has no right to recover for breach of warranty because he does not fall within the class of persons listed in section 2—318 of the UCC as exceptions to the requirement of privity. According to section 2—318 of the UCC:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this Section." (Ill. Rev. Stat. 1985, ch. 26, par. 2—318.)

Section 2—318 does not, on its face, state any limitation on the rights of persons to recover for breach of warranty. Our supreme court has held that section 2—318 does not list the only exceptions to the requirement of privity in breach of warranty cases: "It is clear from the language of section 2—318 *** and the commentary thereon, that the requirement of privity between the purchaser and remote manufacturer is not established." *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 558, 309 N.E.2d 550.

The courts in *Hemphill* and *Johns-Manville* distinguished *Berry* on the grounds that plaintiffs in *Berry* were purchasers, in "vertical privity" with defendant manufacturer, whereas plaintiffs in *Hemphill*

and *Johns-Manville*, like plaintiffs in the instant case, were non-purchasing users, in "horizontal privity" with those defendants. Defendants in this case argue that section 2—318 establishes a limitation on the right of persons in "horizontal privity" to recover for breach of warranty, although it does not act as a bar for persons in "vertical privity." Defendants point to the three alternative versions of section 2—318 written by the drafters of the UCC. Alternatives B and C require courts to extend the right to recover for breach of warranty to a larger class of nonpurchasing users than that class named in alternative A. ((1 Current Materials) U.C.C. Rep. Serv. (Callaghan) sec. 2—318.) Plaintiff, as an employee of a purchaser, would clearly be allowed to recover for breach of warranty under alternatives B and C. Illinois adopted alternative A. Defendants argue that the Illinois legislature has by implication decided not to extend the right to recover to persons, like plaintiff, who are expressly embraced only under the alternative versions of section 2—318 which the Illinois legislature decided not to adopt.

■ The Illinois legislature enacted section 2—318 of the UCC in 1961. (Ill. Rev. Stat. 1963, ch. 26, par. 2—318.) At that time there were no alternative versions of the section. However, several States refused to enact this section in the form suggested by the drafters of the UCC, so alternatives B and C were added in 1966 as recommended alternative forms of section 2—318. ((1 Current Materials) U.C.C. Rep. Serv. (Callaghan) sec. 2—318, at 22-24.) Illinois, like most States, retained the original version of the section. (3 R. Anderson, Uniform Commercial Code sec. 2—318:3 (3d. ed. 1983).) Following the addition of alternatives B and C to the UCC, the drafters revised the UCC comment to clarify the import of each alternative. The revised UCC comment states in subsection 3:

> "The first alternative [the version adopted in Illinois] expressly includes as beneficiaries within its provisions the family, household and guests of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain. The second alternative is designed for states where the case law has already developed further and for those that desire to expand the class of beneficiaries. The third alternative goes further, following the trend of modern decisions as indicated by Restatement of Torts 2d sec. 402A (Tentative Draft No. 10, 1965) in extending the rule beyond injuries to the person." Ill. Ann. Stat., ch. 26, par. 2—

318, Uniform Commercial Code Comment, at 112 (Smith-Hurd Supp. 1987).

Thus, the Illinois version of the statute does not "restrict the developing case law." The questions left for developing case law are clearly indicated by its subsequent sentences: "The second alternative is designed for states where the case law has already developed further ***. The third alternative goes further, following the trend of modern decisions ***." (Ill. Ann. Stat., ch. 26, par. 2—318, Uniform Commercial Code Comment, at 112 (Smith-Hurd Supp. 1987).) Thus it is apparent that where the comment speaks of "developing case law" it includes developing case law regarding persons in horizontal privity with sellers. The Wisconsin Supreme Court, interpreting a statute and comments identical to section 2—318 in Illinois, found that the statute did not limit the seller's liability to nonpurchasing users for breach of warranty to those persons specified in the statute. (*Dippel v. Sciano* (1967), 37 Wis. 2d 443, 458, 155 N.W.2d 55, 62.) We agree. The Illinois legislature expressly stated that warranty coverage must extend to the family or household of the purchaser, if the members of the household would reasonably be expected to use the product; the legislature left it for the courts to decide, in accord with common law principles and with the guidance of the UCC, whether warranty coverage should further extend to any other nonpurchasing users of a product. (Ill. Ann. Stat., ch. 26, par. 2—313, Uniform Commercial Code Comment, at 219 (Smith-Hurd 1963); *State ex rel. Western Seed Production Corp. v. Campbell* (1968), 250 Or. 262, 266, 442 P.2d 215, 217, *cert. denied* (1969), 393 U.S. 1093, 21 L. Ed. 2d 784, 89 S. Ct. 863.) To the extent that this part of our holding is inconsistent with statements we made in *Knox* and *Miller v. Sears, Roebuck and Co.* (1986), 148 Ill. App. 3d 1022, 1025, 500 N.E.2d 557, those sections of *Knox* and *Miller* are overruled.

■ According to subsection 4 of the official code comment to section 2—313 of the Uniform Commercial Code, the "purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell" (Ill. Ann. Stat., ch. 26, par. 2—313, Uniform Commercial Code Comment, at 219-20 (Smith-Hurd 1963)), and to hold the seller liable if he has failed to supply goods of the agreed upon quality. A seller of goods creates an express warranty when he makes "[a]ny affirmation of fact or promise *** to the buyer which relates to the goods and becomes part of the basis of the bargain." (Ill. Rev. Stat. 1985, ch. 26, par. 2—313.) Courts hold sellers liable for breach of implied warranty of merchantability on the basis of

common usage in the trade (Ill. Ann. Stat., ch. 26, par. 2—314, Uniform Commercial Code Comment 2, at 232 (Smith-Hurd 1963)), inferring that these warranty terms are part of the basis of any bargain in the trade unless they are expressly excluded (Ill. Rev. Stat. 1985, ch. 26, pars. 2—314(3), 2—316). When the seller has reason to know that the buyer needs the goods for a particular purpose and that the buyer is relying on the seller's skill in selecting the goods, courts infer that an implied warranty of fitness for a particular purpose is part of the bargain unless it is expressly excluded. Ill. Rev. Stat. 1985, ch. 26, par. 2—315.

■ Certain parties are allowed to sue for breach of warranty as third-party beneficiaries under section 2—318, which establishes, in essence, a conclusive presumption that the purchaser who bargained for a warranty of safety sought the warranty on behalf of himself and "any natural person who is in [his] family or household *** or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods." (Ill. Rev. Stat. 1985, ch. 26, par. 2—318.) We hold that the warranty extends to any employee of a purchaser who is injured in the use of the goods, as long as the safety of that employee in the use of the goods was either explicitly or implicitly part of the basis of the bargain when the employer purchased the goods.

■ In the instant case, plaintiff alleged that Du Page bought a bandsaw from defendants which did not comply with the implied warranty of merchantability, nor was it fit for the particular purpose for which it was purchased. Insofar as Du Page bargained for a bandsaw that was as safe to use as any merchantable bandsaw, it sought the safety on behalf of its employees who were to use the saw. A corporation cannot use the bandsaw at all unless its employees operate it. If, as plaintiff alleged, Du Page bargained for a bandsaw which was sufficiently safe for the particular purpose for which Du Page sought to use the saw, Du Page sought the safety features on behalf of its employees who were to use the saw. We find that plaintiff has alleged facts which, if proved, would show that defendants either implicitly or explicitly promised to provide a bandsaw which was safe enough for plaintiff to use. Therefore, we find that the causes of action for breach of warranties are not barred by plaintiff's lack of privity with defendants.

For the reasons stated above, we reverse the trial court order dismissing counts III and IV of the complaint, and we remand for further proceedings in accord with this opinion.

Reversed and remanded.

McNAMARA, P.J., concurs.

JUSTICE RIZZI, specially concurring:

I agree with the result reached by the majority. However, I do not agree that this case should be decided on the basis of privity or a lack thereof. In my opinion, it is a mistake to decide this case, or any other personal injury case, by exhuming concepts of privity in Illinois. I continue to believe what I stated in *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 399 N.E.2d 1355:

"In actions when the plaintiff is seeking to recover damages for personal injuries, Illinois courts have taken the position that liability or nonliability should not be decided on the basis of privity. In *Tiffin v. Great Atlantic & Pacific Tea Co.* (1959), 18 Ill. 2d 48, 162 N.E.2d 406, the court recognized that a breach of implied warranty action may be maintained against a seller of food even though there was no privity between the parties. In *Suvada,* the court abolished the doctrine of privity in product liability cases. In *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, the court abolished the requirement of privity in all tort cases. In *Berry,* the court held that lack of privity is of no consequence in a breach of implied warranty action between a purchaser of the product and a remote manufacturer. In eschewing privity, the *Berry* court recognized that tort liability and implied warranty liability are similar. 56 Ill. 2d 548, 554, 309 N.E.2d 550, 554.

Plainly, in Illinois the process of adhering to or distinguishing the privity requirement has proved to be an unsatisfactory method of determining liability to persons who suffer personal injuries. Because of the difficulties in applying the doctrine, courts created artificial exceptions deemed necessary to achieve desirable results which were not always completely reconcilable. (*Rozny,* 43 Ill. 2d 54, 62, 250 N.E.2d 656, 660.) I do not believe this court should be treading this same beaten path. In my opinion, it does not make any sense to deny recovery to the plaintiff merely because he is an employee of A & P, and yet, in another case, allow recovery to a Hershey employee injured in the same accident, in a like manner, and as a result of the same defect in the product. The *Rozny* court's statement relating to privity is apt here (43 Ill. 2d 54, 62, 250 N.E.2d 656, 660):

'To eliminate any uncertainty still remaining after *Suvada v. White Motor Co.*, 32 Ill. 2d 612, 617, we emphasize that lack of direct contractual relationship between the parties is not a defense in a tort action in this jurisdiction. Thus, tort liability will henceforth be measured by the scope of the duty owed rather than the artificial concepts of privity.

Having discarded any remnants of the privity concept, we now concern ourselves with the scope of defendant's liability using traditional tortious misrepresentation standards.'

I feel this court should not pick up the discarded remnants of privity in personal injury actions and mold them back into our law, where they are destined for eradication again." 80 Ill. App. 3d 683, 698-99, 399 N.E.2d 1355, 1366.

In *Knox*, I also stated:

"*Berry* involved an implied warranty action under section 2—315 and 2—318 of the Code. The court held that lack of privity between a purchaser and a remote manufacturer is of no consequence in a breach of implied warranty action under the Code. In reaching its conclusion, the court stated (56 Ill. 2d 548, 553, 309 N.E.2d 550, 553):

'The aforementioned Code provisions clearly demonstrated the legislative intent to create a statutory cause of action for breach of implied warranty *to afford consumer protection to those who sustain personal injuries resulting from product deficiencies.*' (Emphasis added.)

In order to give full effect to this intention and, at the same time, take into account the developing case law concerning liability for defective products (see *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401; *Berry*; *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281; see also Restatement (Second) of Torts sec. 402A (1965)), the implied warranty should apply to users and all persons who may reasonably be expected to be affected by a breach of the implied warranty regardless of privity." (80 Ill. App. 3d 683, 696-97, 399 N.E.2d 1355, 1365.)

I believe that the present case should be decided on the principles that I expressed in *Knox*.